FERGUSON *v.* FERGUSON.

1. DIVORCE—PLEADING—CONDONATION PENDING TRIAL—PRACTICE.
  Where a condonation occurs after filing a bill for divorce, proper practice requires that either complainant or defendant shall bring upon the record the precise nature of the issues to be tried, and where it appears to the trial court that this has not been done, hearing upon the merits, if it has been entered upon, should be deferred until the pleadings are properly amended.

2. SAME—DUTY OF AMENDING.
  Where defendant in divorce relies upon a condonation occurring after issue joined, it is his duty to bring it before the court by amendment to his answer; and where he fails to amend, and contents himself with objecting to proceeding with the hearing, supporting his objection by an affidavit setting up the condonation, and complainant claims that the condonation is ineffective for failure of defendant to perform its conditions, complainant is in no position to complain that the cause proceeded to decree without proper pleadings.

3. SAME — CONDONATION — NONPERFORMANCE OF CONDITION — EFFECT.
  Where complainant in divorce condoned the offense relied on after issue joined, but was informed and believed that her rights would not be endangered by so doing, and defendant failed to perform the conditions of the condonation, such condonation was ineffective to avoid the jurisdiction of the court.

4. SAME—DECREE—DEFECTIVE PLEADINGS—EFFECT.
  A decree of divorce, and the arrangement for the custody of the children of the marriage, will not be disturbed for failure to so amend the pleadings as to show a condonation after issue joined and its ineffectiveness for breach of its conditions, where it appears that defendant had the benefit of his affidavit setting up the facts, and there is evidence to meet the actual case.

5. SAME—ALIMONY—AWARD IN GROSS—EVIDENCE—NECESSITY.
  Where alimony is awarded in gross, it is especially important that all facts material in determining a just award should be before the court.

Appeal from Wayne; Donovan, J. Submitted April 18, 1906. (Docket No. 38.) Decided July 23, 1906.

Bill by Myra J. Ferguson against John G. Ferguson for a divorce. From a decree for complainant, defendant appeals. Affirmed, but remanded for a rehearing on the question of alimony.

*Geer, Williams, Martin & Butler,* for complainant.

*Fred C. Harvey* ( *Dickinson, Stevenson, Cullen, Warren & Butzel,* of counsel ), for defendant.

OSTRANDER, J. Two questions are presented on this appeal. The first arises upon the practice pursued in the court below. Complainant in her bill, filed February 23, 1904, charged her husband, the defendant, with various conduct amounting to extreme cruelty and with having, on or about December 6, 1901, and again on or about December 16, 1901, committed adultery. She prayed for a divorce, for the custody of the two infant sons, issue of the marriage, until they had attained respectively the age of 14 years, and for permanent alimony. Defendant answered the bill denying the acts of specific bad conduct charged, and setting out that in December, 1901, complainant ceased to live with him, and threatened to leave him, and begin divorce proceedings; that he turned over to her certain certificates of stock, whereupon complainant forgave him, and they resumed marital relations which continued until December, 1903. There was a replication, notice that the cause was at issue, and demand for the examination of witnesses in open court. On November 16, 1905, the cause was brought on for hearing. Counsel for defendant objected to proceeding upon the pleadings, and filed an affidavit showing cohabitation of the parties after the filing of the bill and answer. The objection was overruled, and counsel for defendant then asked permission to show by complainant the truth of the matters set out in the affidavit in advance

of her examination as a witness for herself in the cause. This was denied. Upon cross-examination, complainant was interrogated at length upon the matter of the alleged condonation. Decree passed for complainant, and an award of $75,000 cash as permanent alimony was made. Defendant has appealed.

The parties were married in December, 1891. In December, 1901, defendant was found in an assignation house. On December 18, 1901, he asked complainant to give him a chance to retrieve himself, and transferred to her $37,500 par value of the stock of the Detroit Timber & Lumber Company. In January, 1902, he went with his wife to Boston, to be, and he was there, treated for the drinking habit. In May, 1902, the parties resumed marital relations, and continued to live and cohabit together until some time in December, 1903, when complainant refused longer to cohabit with him, although they lived in the same house until complainant filed her bill for divorce. In August, 1904, complainant, at the solicitation of defendant, returned to live with him and again marital relations were resumed, and were continued until some time in December, 1904. Then such relations ceased, and they occupied separate rooms in their house until April 26, 1905. Complainant left Detroit and is at present in Boston where the boys are at school.

It is the theory of counsel for appellant that while condonation is a forgiveness upon condition that the injured party shall be thereafter treated with conjugal kindness, it is, nevertheless, true that if condonation follows the filing of a bill for divorce, no divorce can thereafter be granted except upon the showing that the condition was not performed; that if it is claimed in any case that the condition of the condonation is broken, an original or a supplemental bill must be filed, bringing upon the record the new facts and indicating the precise issues. I have no doubt that proper practice in such cases requires the complainant, or the defendant, to bring upon the record the precise nature of the issues to be tried, and that where

it appears to the trial court that this has not been done, hearing upon the merits, if it has been entered upon, should be deferred until the pleadings are properly amended. Such a course is agreeable to the settled rules of pleading. It may be essential also in a given case that the court shall know whether or not the condonation pleaded and proven extends to unknown as well as to known marital offenses, and whether the breach of the implied condition attending condonation revives, or does not revive, all of the offenses originally relied upon as causes for divorce. As matter of evidence in all such cases, if complainant succeeds, there must be, first, a cause for divorce; second, condonation, third, subsequent acts destroying the effect of the condonation; and these matters bear some relation to each other. Upon each of them the court must hear testimony and find facts. It has been held by the English courts that a condoned offense may be a bar in recrimination at the discretion of the court. In a leading case in this country, *Cumming* v. *Cumming*, 135 Mass. 386, it appeared that a married woman had committed adultery and had been expressly forgiven by her husband, who lived with her for some years afterwards. Later, the wife sued for a divorce on the ground of his adultery, committed after such period of cohabitation. He pleaded her offense in recrimination, but it was disallowed. It is true generally that a suitor for a divorce cannot prevail if open to a valid charge of any matrimonial offense of the same or of equal grade of that relied upon. But if the offense pleaded in recrimination has been condoned, the rule as announced in the case cited is:

"Condonation restores equality before the law. If the injured party is willing to forgive the offense the law may well give full effect to that forgiveness, and not extend to such party the temptation, the encouragement, the license, to run through the whole calendar of matrimonial offenses without redress at the hands of the other party."

These references are made, not for the purpose of lay-

ing down any rules, but by way of argument to illustrate the necessity for pleadings which present the issue which it is expected will be tried; pleadings which are coextensive with the required evidence. The testimony in a chancery case is no part of the record, nor is preserved. In the case at bar, if the hearing had proceeded upon the pleadings without the attendance of counsel for defendant, it would not appear by the record that after joining issue in the case the parties cohabited together as husband and wife, nor would the effect of such condonation or whether it had been waived by subsequent misconduct of the defendant have appeared to be involved.

It remains to be seen whether in this case the failure to perfect the pleadings should operate to annul the decree. It appears that counsel for defendant were in court when the hearing was begun, and, before any proceedings were taken, read by permission an affidavit made by defendant, to which reference has been made. The affidavit was filed, and counsel asked that it be treated as a part of the answer and supplemental thereto. The bill of complaint was read to the court, and counsel for complainant stated that after issue joined complainant did return to live with defendant, upon his promise of reformation, which promise had been broken. Over objection made by defendant's counsel, the hearing proceeded without amendment of the pleadings. Complainant was examined at length, the testimony covering the period referred to in the bill and all the subsequent relations of the parties. The cross-examination of complainant was confined to showing the condonation of August 9, 1904, and the resuming of marital relations from that date until December, 1904. Counsel declined to cross-examine her upon the merits. As the case stood for hearing, the affirmative of the issue of condonation was for defendant; of waiver by subsequent acts for complainant. It was the position of complainant that, because of the wrongs alleged in her bill of complaint, she was entitled to a divorce, notwithstanding the condonation pleaded in the answer. If, therefore, defendant

proposed to rely upon a subsequent act of condonation as effective to bar the relief prayed for, he should have set it up by an amendment to his answer. Not having done this, he is not in position to rely upon this defect in the pleadings. The course pursued does not lead to the belief that it was desired to defend upon the merits.

It is clear that, because of the cruelty of defendant, and because of the act of adultery charged, complainant had, at the time of filing her bill of complaint, an enforceable, provable cause of action for and right to a divorce, unless she had condoned the offenses of defendant which were made the ground for relief. The answer alleged a condonation before the bill was filed; the affidavit a subsequent and distinct condonation after the bill was filed. The evidence on the part of complainant met both of these allegations by admission of the facts and by proof of conduct on the part of defendant reviving and making active the original causes for complaint. It is clear that the several acts of condonation were accompanied with and induced by express promises of defendant in keeping with the promise and condition which the law implies. There can be no doubt that defendant after each condonation of his offenses complied for a time with the condition which the law and his express promises imposed, relapsing later into the practices which were the cause of all the mischief. As to the last condonation, which was after the filing of the bill for divorce, it appears that complainant inquired concerning the effect upon her suit of any further attempt to preserve the family relation, and was informed and believed that no rights would be endangered. Under the circumstances, it cannot be held that the last act of condonation avoided the jurisdiction of the court. For this ruling *Tackaberry* v. *Tackaberry,* 101 Mich. 102, is authority. Jurisdiction of the court being found, the departure from approved and proper practice, defendant having had the benefit of his affidavit and the suggestions of his counsel, and the evidence being found to meet the actual case, does not require the decree

of divorce to be disturbed nor the arrangement for the custody of the children.

The second question involves the award of alimony. That it is a proper case for the allowance of alimony, if the practice is not fatal to any decree, is not disputed. The reasons given by the trial judge for awarding to complainant a sum in gross are convincing. Complainant is given the household furniture and the sum of $75,000 in lieu of any allowances for the cost of educating the children, and in lieu of dower, but defendant is required to pay the usual taxable costs, including a solicitor's fee of $250.

The award is said to be excessive. The responsibility for lack of accurate information concerning defendant's estate is in great measure his own, and if from the record we were able to arrive at a conclusion at all satisfactory, we should state that conclusion with the reasons therefor. But the net value of defendant's property, as stated—estimated—by his wife, varies so considerably from the value which her counsel contend for, which contention is in a way supported by testimony of experts and others, that it seems to be impossible to do more than guess at the award which should be made. The alimony which should be awarded in such cases is a matter which concerns the parties, the children, and, in some degree, the public. Where it is awarded in gross, it is especially important that facts material in determining a just award should be before the court. It is not important to set out the testimony upon this subject. The decree of the court below is affirmed, except as to the amount of alimony to be paid and the dates of payment, and the case is remanded with directions to grant a rehearing upon the question of the amount of alimony which shall be awarded.

Defendant must pay the costs of this appeal, including a solicitor's fee of $150 to complainant's solicitors, to be paid on demand.

CARPENTER, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.