FERGUSON *v.* FERGUSON.

1. DIVORCE—ALIMONY—ALLOWANCE—AMOUNT—DETERMINATION—
CIRCUMSTANCES OF PARTIES.

  In determining what is a proper allowance for permanent ali-
    mony, due consideration must be given to " the situation of
    the parties and all the other circumstances of the case" (§
    8638, 3 Comp. Laws), including the wealth of complainant,
    especially when that wealth is derived from property trans-
    ferred to complainant by defendant to compensate her in
    part for the very wrong for which the divorce is granted.

2. SAME—ESTIMATE OF WEALTH—ESTATE IN EXPECTANCY.

  In determining a husband's wealth as a basis for an allowance
    of permanent alimony, an estate in expectancy should be
    valued at what a purchaser would presently pay for it, and
    not at the value of the entire estate less the present worth of
    the interest of the life tenant calculated from the mortality
    tables.

Appeal from Wayne; Donovan, J.   Submitted Febru-
ary 14, 1907.   (Docket No. 140.)   Decided March 26,
1907.

Bill by Myra J. Ferguson against John G. Ferguson
for a divorce:   On settlement of the award of alimony,
defendant appeals.   Modified.

*Geer, Williams, Martin & Butler,* for complainant.

*Fred C. Harvey (Dickinson, Stevenson, Cullen,
Warren & Butzel,* of counsel), for defendant.

CARPENTER, J.   This is the second time this case has
been determined by this court.   Our first decision will be
found in 145 Mich. 290.   We then affirmed a decree of
divorce and remanded the case, with directions to the
circuit judge to again determine the amount of alimony
to be awarded.   He has made that determination and

awarded complainant the sum of $75,000. From that decree, defendant appeals, insisting that the amount allowed is excessive.

The testimony proves that the net value of defendant's property is $160,455.13. (This does not, however, include the value of an estate in expectancy, which it is assumed defendant will enjoy on the death of his sister, Mrs. Cobb.) The testimony also proves that the par value of the stock of the Detroit Timber & Lumber Company, referred to in our former opinion, now owned by complainant, is $132,090, and its actual value is at least $170,000. In determining that $75,000 was a proper allowance for alimony, the trial court declined to consider that complainant owned the stock above referred to, and he valued defendant's interest in the expectancy estate at $36,949.93. In each of these particulars the trial court erred. To decline to consider the wealth of complainant —especially when, as in this case, that wealth is made up of property and the proceeds of property transferred to complainant to compensate her in part for the very wrong for which the divorce was granted—is to disregard what the statute (section 8638, 3 Comp. Laws) says should be regarded, viz., "the situation of the parties and all the other circumstances of the case."

It is equally clear that defendant's interest in the estate in expectancy has not the value placed upon it by the circuit judge. The method by which that valuation was reached is shown by the following quotation from the record:

"Taking the $100,185.64 (this is the value of trust funds, the income of which is paid defendant's sister, Mrs. Cobb), and multiplying it by 5 per cent., the legal rate of interest, gives $9,509.28, and based upon the fact that Mrs. Cobb is 57 years old (Cheever's Probate Practice), the number of years purchase the annuity is worth is 8.343 years, making the present worth of Mrs. Cobb's property, on her life estate, $79,335.85; and the total value being $190,185.64 and the present worth of her value in that estate being $79,335.85, the remainder is $110,849.79, of

which Mr. Ferguson under the will is entitled to a third, or $36,949.93."

Now, assuming, without deciding, that defendant has such an interest in the estate of Mrs. Cobb that he could sell the same—and, if he has not, it should not be considered —its value should be determined, not by the method above shown, but by what purchasers would pay for it. Prospective purchasers would take into consideration the possibility, perhaps the probability, that Mrs. Cobb might live beyond her expectancy of life. They would also take into consideration the chance that the fund might be diminished by unwise management or by changes of financial conditions. While we cannot say what amount they would be willing to pay—for there is no testimony bearing upon that subject—it is certain that it would be, and therefore the value of the asset is much less than $36,949.93.

Correcting these errors of the circuit judge, and considering, as we should, the character and situation of the parties and their circumstances, it is clear that the award of $75,000 is excessive. That would make complainant worth $245,000, and defendant about $100,000. We think that an allowance of $30,000 is adequate, and that amount will be awarded. This award is in lieu of dower and all other claims of complainant, and is given her for her support and maintenance, and for the support, maintenance, and education of the two infant children of herself and defendant. It should be paid within 30 days from the signing of the decree of this court. Defendant may, however, provided he pay $5,000 within said 30 days, and within the same time secure the payment of the remainder and interest thereon at five per cent., payable semi-annually, by a bond, with sureties approved by one of the circuit judges of the county of Wayne, have one year's time in which to pay $10,000 of said amount and two years' time in which to pay the remaining $15,000 of said amount. Until defendant has paid or, secured the payment of said award, he will be enjoined from selling or mortgaging all shares of stock and real estate owned

by him, except for the purpose of obtaining means to satisfy this decree. The allowance in the decree appealed from for costs of the circuit court and for the services of complainant's solicitor will not be disturbed. No costs or other allowance will be granted in this court.

The decree of the circuit court will be modified in accordance with this opinion.

McALVAY, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.