SULLIVAN *v.* SULLIVAN.

DIVORCE—ALIMONY—AMOUNT.
> Taking into consideration the fact that the wife was possessed of more property than defendant, whose property was claimed by him to be worth about $1,800 and by complainant to be worth $4,000 above his liabilities, a decree of $500 permanent alimony and $20 a month for the support of minor children is entered on appeal.

Appeal from Monroe; O'Mealey, J. Submitted April 12, 1912. (Docket No. 116.) Decided May 31, 1912.

Bill by Leonora Sullivan against Daniel F. Sullivan for divorce. From a decree for complainant, for insufficient alimony, she appeals. Modified and affirmed.

*Patrick J. Kelaher* (*McHugh, Gallagher & McGann,* of counsel), for complainant.

*E. R. Gilday* and *Willis Baldwin,* for defendant.

MOORE, C. J. Complainant filed a bill of complaint praying for an absolute divorce, the custody of two minor children, and alimony for the support of herself and the children. From a decree granting an absolute divorce, the care of two of the minor children, and permanent alimony in the sum of $500, complainant appeals because of the insufficiency of the alimony awarded her. The defendant filed an answer in the nature of a cross-bill. He served notice of an appeal, but has not prosecuted his appeal.

The material parts of the decree read as follows:

" (1) That the cross-bill of the defendant be dismissed.

" (2) That the complainant be granted the relief prayed for in her amended bill of complaint, as follows, to wit:

" (*a*) That the marriage between the complainant,

---

[1] Husband's prospects as basis for alimony, see note in 4 L. R. A. (N. S.) 909.

Leonora Sullivan, and the defendant, Daniel F. Sullivan, be dissolved, and the same is hereby dissolved accordingly, and the said parties are, and each of them is, free from the obligations thereof.

"(*b*) That the complainant is a fit person to have the care, custody, and education of the two minor children named in said bill, Verna Sullivan and Lawrence Sullivan, and that they, and each of them, are hereby awarded to the said complainant until they are 14 years of age, and the said complainant shall provide said children with support, maintenance, and education, provided that at any time the said complainant may choose to surrender the custody and control of said minor children, as above named, to defendant, either or both of them, it shall be the duty of the defendant to receive, support, maintain, and educate either or both of them so surrendered; and also provided that the said complainant shall not remove her home, while in the custody of said children under this decree, from said county of Monroe, and the said defendant shall have the right to visit said minor children at the home of the complainant each alternate Monday of each month, beginning with the third Monday in September, 1910, and that he shall be properly treated while there by complainant, providing he conducts himself in a proper manner, said visits to continue at the option of the defendant, not to exceed two hours.

"(*c*) The care and custody of the minor child, Hendrick Sullivan, is awarded to said defendant, Daniel F. Sullivan, until he reach the age of 14 years.

"(3) For permanent alimony, and in lieu of all dower rights and interest in all real estate of the defendant, the defendant shall pay to the complainant the sum of $500, said sum to include and be in satisfaction of all temporary alimony now due and unpaid from defendant to complainant in said cause; said sum to be paid as follows: Two hundred dollars on or before January 1, 1911, $200 on or before July 1, 1912, and $100 on or before January 1, 1913; and this sum of $500 shall constitute a first lien upon the homestead farm of the said defendant until paid, which farm is described as follows.  *  *  *

" On the full payment of the sums aforesaid, the complainant shall execute a full release, by quitclaim deed, duly acknowledged by her, suitable for record, of all dower and homestead rights and interest she may have or hold in and to all lands now and then owned by defendant.

"(4) Within 30 days after the filing of this decree, the said defendant shall pay to the said complainant, or her solicitors, a fee of $100.

"(5) The said complainant shall deliver to the said defendant personal wearing apparel of his and the said boy, Hendrick, and his two older girls, now in the possession or under the control of complainant. She shall also deliver to defendant his books, which were left in her possession at the time of the separation. Said older girls now being and living with defendant.

"(6) It is further ordered that each party hereto pay their own costs, excepting that the defendant pay the solicitor's fee, as aforesaid. The defendant shall not be required to pay any temporary alimony."

As before stated, the only question before this court is whether a proper allowance was made to the complainant for alimony and expenses.

The claim of counsel is stated in their brief as follows:

"That the decree shall be modified by this court as to the allowance to complainant's solicitors of a solicitor's fee of $100, likewise as to the allowance of $500 to complainant for permanent alimony, and likewise as to the requiring of complainant and defendant to pay their own costs incurred in connection with the hearing of the cause, by directing defendant to pay to complainant, in place and stead of the foregoing sums of money set forth in the decree, the sum of at least $3,000 in bulk as permanent alimony for the support and maintenance of herself and her two children; likewise the sum of $331.50 for expenses incurred by complainant in connection with the prosecution of her cause in the lower court; likewise the sum of $96, balance due complainant for temporary alimony; likewise the sum of about $1,000 as a solicitor's fee to complainant's solicitors for services rendered by them in the prosecution of complainant's case in the lower court and likewise in this court; and likewise the usual costs of this cause to be taxed in this court."

In view of the showing made in the record, we think this claim is not a reasonable one. The case is not a complicated one. The judge found very properly that defendant was guilty of extreme cruelty. While the defendant

served notice of an appeal, that was as far as he went in that direction.

The record is at least twice as large as it needs to be, in order to present the only questions here. The brief, also, is unnecessarily long. In it are recited 153 acts which counsel claim are acts of cruelty and a long list of what they call good deeds on the part of the complainant, and a long argument follows in relation thereto. Much of this was wholly unnecessary. Counsel very properly call attention to the financial condition of the parties. We again quote from the brief of the solicitors of complainant:

| | | |
|---|---|---|
| (1) Defendant's assets, as shown by complainant | $10,434 | 00 |
| Defendant's liabilities, per his own showing | 6,405 | 05 |
| Leaving his net worth | $4,028 | 95 |
| (2) Defendant's assets, per his own showing | $8,162 | 50 |
| Defendant's liabilities, per his own showing | 6,405 | 05 |
| Leaving his net worth | $1,757 | 45 |

The testimony as to the net worth of defendant is contradictory, and counsel are not agreed about it. It is clear, however, that defendant has a very large indebtedness in proportion to his assets, and this proceeding does not help his financial status.

The trial judge found that complainant had much more property of her own than is possessed by defendant, with very little indebtedness on her part. This finding is supported by the record. This was a proper matter to be taken into consideration in fixing alimony. *Ferguson* v. *Ferguson*, 147 Mich. 673 (111 N. W. 175). We think, however, if the complainant is to have the custody of the two girls, that the allowance for permanent alimony and the maintenance of the mother and the two children is too small. The amount of $500 is decreed to complainant for permanent alimony to her, and an allowance is made to her of $20 a month, until the further order of the court, for the support of the two children. In all other respects, the decree of the court below is affirmed. A solicitor's fee of $100 in this court may be taxed. Complainant to

recover the costs of this court; but in taxing them the allowance for printing the record and briefs shall be limited, for the reasons before stated, to one-half the number of pages thereof.

As thus modified, the decree of the court below will be affirmed.

STEERE, MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.