KONSTANTINE *v.* CITY OF DEARBORN.

1. PLEADING—AMENDMENT—DISCRETION OF COURT.

Statutory power given trial court to permit amendment of pleadings for the furtherance of justice is largely one of discretion and its rulings in such matters should not be disturbed except upon a showing of abuse of discretion (3 Comp. Laws 1929, § 14144).

2. SAME—AMENDMENT—DISCRETION OF COURT—PRE-TRIAL HEARING—SHOWING.

In action of assumpsit against city for services performed by plaintiff as seamstress, denial of defendant's motion to amend paragraph of answer admitting contractual relation to show plaintiff had applied for welfare aid and agreed to do seamstress work in return for aid given her and that no contractual relation existed *held,* not an abuse of discretion where no showing in support of amendment was made at pre-trial hearing, held pursuant to local court rule for disposition of preliminary motions, framing the issues and trial, at trial, nor on reference before circuit court commissioner although over 14 months elapsed after filing answer before case reached pre-trial hearing (Third Circuit Court Rule, Part 2, No. 5).

3. HUSBAND AND WIFE—ASSUMPSIT AGAINST CITY BY WIFE—RECOUPMENT FOR WELFARE AID FURNISHED HUSBAND—EVIDENCE.

In action of assumpsit by married woman against city for services rendered, city may not recoup welfare service or supplies furnished her husband since she was not liable for such charges, hence exclusion of testimony of such charges was not error.

4. PLEADING—SURPRISE—RECOUPMENT.

Claim of plaintiff, a married woman, that she was not liable for welfare service and supplies furnished her husband *held,* not matter of surprise to defendant city seeking to recoup value of such service and supplies furnished husband in her action for services rendered where she had timely filed appropriate plea to defendant's affirmative pleading.

5. Evidence—Admitted Allegations in Pleading.
  Exclusion of testimony tending to disprove admitted allegations
    of plaintiff's declaration *held*, not error.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 8, 1937. (Docket No. 29, Calendar No. 39,291.) Decided June 7, 1937.

Assumpsit by Frances Konstantine against City of Dearborn for wages due. Recoupment by defendant for welfare aid furnished plaintiff. From judgment for plaintiff, defendant appeals. Affirmed.

*Edward J. Dwyer* and *William J. Hennes,* for plaintiff.

*James E. Greene* (*Richard A. Hicks,* of counsel), for defendant.

North, J. This is a suit in assumpsit by plaintiff against the city of Dearborn. In the first paragraph of her declaration she alleged that on the 9th day of January, 1930, the defendant hired her as a seamstress in the welfare department of the city and agreed to pay her at the rate of 50 cents per hour for her work. The foregoing was admitted by defendant's answer. In paragraph two plaintiff alleged that she worked for the city 3,438½ hours and by so doing earned $1,719.25. Defendant denied this and affirmatively alleged that "the total amount of time which plaintiff worked for the city of Dearborn was 288 hours and that the amount of wages earned was a sum of $114." In paragraph three plaintiff alleged she had been paid on account $836.25 (probably $886.25) "leaving a balance due your plaintiff of $833." Defendant denied this and affirmatively alleged "that aid in the form of pro-

visions, milk, fuel, rent and miscellaneous advances given to the plaintiff amount to $145.32, leaving a balance in favor of the city, now unpaid, of $31.32," and defendant asked judgment in its favor for this latter amount. The case was heard without a jury, and plaintiff had judgment for the amount alleged to be due her in her declaration, $833. Defendant has appealed.

The first question presented is whether there was abuse of discretion by the trial court in denying defendant's motion to amend paragraph one of its answer. The answer was filed November 17, 1934. On January 21, 1936, the cause came on for hearing, under part 2, rule 5 of the local rules of the Wayne county circuit court, upon the pre-trial docket. This preliminary hearing, presided over by Judge DeWitt Merriam, was for the purposes indicated in the rule, which we quote in part:

"Law cases will be called on this docket sometime before they are regularly reached for trial; for the purpose of settlement, disposition of preliminary motions, framing the issues and trial."

As a result of this pre-trial hearing, at which the respective attorneys were present, a report was filed by the pre-trial judge that both parties were satisfied with the pleadings and that the pleadings should not be amended "unless necessary to support proofs offered—it's up to trial judge."

The case was reached for a hearing on the merits on March 9, 1936. On March 6th, counsel for defendant gave notice to plaintiff's counsel that upon the trial of the cause the defendant would ask to have its answer amended, setting forth a copy of the proposed amended answer wherein defendant denied the allegations of paragraph one of plaintiff's

declaration, instead of admitting them as in the defendant's original answer. The proposed amended answer to paragraph one of the declaration was as follows:

"Defendant denies paragraph one of plaintiff's declaration and states the fact to be that plaintiff applied for welfare aid and incidentally stated that she would be willing to work in return for the aid given her and that no contractual relationship of employer and employee existed at any time between plaintiff and defendant."

On the day the case was reached for trial, the same having been assigned to Judge Joseph A. Moynihan, the question of amending defendant's answer was presented. Judge Moynihan referred the matter to Judge Merriam who had presided at the pre-trial hearing. Judge Merriam declined to act upon the proposed amendment, taking the position that it should be disposed of by the trial judge. The matter was again presented to Judge Moynihan and the proposed amendment denied. The case was then referred to a commissioner for the purpose of taking testimony as to the number of hours plaintiff had worked and the extent to which she had been paid. Defendant's application to amend the answer was renewed before the circuit court commissioner and by him denied. The scope of the proceedings before the circuit court commissioner is accurately indicated by the following statement in his findings:

"The only thing before me in this matter is the number of hours at 50 cents per hour the plaintiff worked for said city and whether or not any money or things of value was paid by the defendant to the plaintiff for said services."

Evidently without being mindful of the allegations contained in plaintiff's declaration, the commissioner concluded from the testimony produced before him that the amount earned by plaintiff and unpaid with accrued interest thereon was $1,920.03; and he reported to the circuit court that plaintiff should be allowed to recover that amount. Objections were made to the report of the commissioner and upon hearing disallowed. Defendant's motion to amend the answer was renewed at this time and again denied; also defendant's motion for a new trial was denied, but upon remittitur which reduced the judgment to $833 and costs.

By statutory provision trial courts have the power to amend for the furtherance of justice. 3 Comp. Laws 1929, § 14144. In a very large measure this matter of amending pleadings is one of discretion with the trial court. *Kerr* v. *City of Detroit,* 255 Mich. 446; *Grant* v. *National Manufacturer & Plating Co.,* 258 Mich. 453. The ruling of the trial court in such matters should not be disturbed except upon a showing of an abuse of discretion. The record in the instant case does not disclose an abuse of discretion. *People, for use of National Regulator Co.,* v. *Rosewarne,* 247 Mich. 22, *Morocco* v. *Lange,* 266 Mich. 238. Obviously the local practice followed in Wayne county, whereby provision is made for pretrial hearings, gives a fair and reasonable opportunity for counsel to check their pleadings in advance of the day of trial. By so doing the inconvenience, delay and expense usually attendant upon amendments of pleadings after a case has been set for trial, with the parties, witnesses and possibly jurors in attendance, is avoided. In the instant case no showing was made which constituted a fair rea-

son for granting defendant's application for amendment at any time prior to the hearing on the merits. It was not until after the testimony was taken and after the adverse report of the commissioner that defendant's counsel made a showing that at the time he drafted and filed the original answer he relied upon information then given him "that the plaintiff had been hired and worked in said department as a seamstress at the rate of 50 cents per hour;" but that subsequent to the pre-trial hearing he "discovered that plaintiff had requested the privilege of working in the department in exchange for welfare aid furnished her and her family who at the time were in destitute circumstances." But this showing was not made until April 17, 1936. As noted above, defendant's original answer was filed November 17, 1934, the pre-trial hearing occurred on January 21, 1936, and the case was before the court for hearing on the merits in March, 1936. Under this record we are not prepared to hold that refusal of the proposed amendment to defendant's answer was an abuse of discretion.

The only other question which should be considered on this appeal is defendant's claim that the commissioner erroneously excluded testimony of welfare service rendered to plaintiff's husband in payment of or exchange for her services to the city. No testimony was excluded which would tend to show payment to plaintiff or the delivery of groceries, fuel or supplies of any kind to her; but testimony was excluded as to welfare service rendered to plaintiff's husband. This was on the ground that plaintiff as a married woman could not be held liable for such charges; and defendant having admitted in its answer that plaintiff was hired by the city and

worked for the city at the rate of 50 cents per hour, her claim could not be met under the pleadings by a counter showing of welfare service or supplies furnished to her husband. This contention on the part of plaintiff could not have been a matter of surprise to defendant because before the pre-trial hearing plaintiff had filed its plea to defendant's affirmative pleading and therein stated as follows:

"That she (plaintiff) now is and has been for a great many years a married woman and that during the time of defendant's alleged recoupment she was married and as such married woman she is not responsible for the matters set forth in defendant's recoupment."

The rulings of the commissioner on the admissibility of evidence conformed to the issues presented by the pleadings. Defendant offered testimony tending to show that the terms of plaintiff's employment by defendant were different than alleged in the declaration and admitted in the answer. It was not error to exclude this testimony, or other testimony which might have tended to disprove the admitted allegations of plaintiff's declaration.

We find no reversible error in this record. The judgment entered in the circuit court is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.