LeBEL v. LeBEL.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

Testimony concerning false accusations of infidelity, constant and unprovoked nagging, continual ridicule, embarrassment and humiliation, and disruption of plaintiff's business by defendant wife, made out a case of extreme cruelty.

2. SAME—AMENDMENT OF ANSWER.

Amendment of answer in suit for divorce is permissible, if requested at any time prior to decree (CL 1948, § 616.1).

3. SAME—AMENDMENT OF ANSWER—ABUSE OF DISCRETION.

The ruling of a trial judge as to amendment of an answer in a suit for divorce should be sustained unless an abuse of discretion is shown (CL 1948, § 616.1).

4. SAME—AMENDMENT OF ANSWER—CONDONATION AFTER COMMENCEMENT OF SUIT—ABUSE OF DISCRETION.

An abuse of discretion on part of trial court was not shown by his ruling after hearing in divorce suit had been in progress for several days that it was rather late to interpose defense of condonation by sexual cohabitation after commencement of suit, where there had been discussion of the matter, denial on part of plaintiff husband, no claim of it made at the pretrial hearing and no amendment offered.

5. SAME—PROPERTY SETTLEMENT.

Property settlement was not inequitable merely because wife was not awarded income-producing property, where it appears that after childless marriage of nearly 30 years' duration she was awarded property valued at about $82,000, con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation, §§ 59, 61, 63.
[1] Accusation of improper relations as cruelty constituting ground for divorce or separation.  143 ALR 623.
[2–4] 17 Am Jur, Divorce and Separation, § 327.
[3–4] 3 Am Jur, Appeal and Error, § 1020.
[5] 17 Am Jur, Divorce and Separation, §§ 445, 448.

sisting of some corporate stocks, the home in Detroit, an Oakland county farm, properties in Ohio and Florida, household furnishings and an automobile and plaintiff husband was awarded property valued at about $72,000, including stocks, cash, the Florida home, household furnishings and an automobile.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 11, 1950. (Docket No. 32, Calendar No. 44,627.) Decided April 3, 1950. Rehearing denied May 18, 1950.

Bill by Harper D. LeBel against June Ziegler LeBel for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Hepburn, Coy, Jossman & Kwetcher* (*Frank Iannelli,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendant.

BUSHNELL, J. The parties hereto were married in 1917. No children were born to them. They separated in December of 1946, and the husband filed a bill for divorce the following month, alleging extreme cruelty. The trial judge found in favor of the husband and entered a decree accordingly.

The wife was awarded property valued at about $82,000, consisting of some corporate stocks, the home in Detroit, a farm in Oakland county, properties in Ohio and Florida, household furnishings, and an automobile. The husband was awarded property valued at about $72,000, including stocks, cash, the Florida home, household furnishings, and an automobile. The wife has appealed.

The testimony produced by plaintiff concerning false accusations of infidelity, constant and unprovoked nagging, continual ridicule, embarrassment and humiliation, and the disruption by his wife of

plaintiff's business, make out a case of extreme cruelty. *Cotton* v. *Cotton,* 243 Mich 436, *Brookhouse* v. *Brookhouse,* 286 Mich 151, and *Pinchuk* v. *Pinchuk,* 317 Mich 523.

Defendant claims that the trial judge should have permitted her to amend her answer to allege sexual cohabitation after the bill had been filed. Amendments, if requested, are permissible at any time prior to a decree. CL 1948, § 616.1 (Stat Ann § 27.838). The ruling of the trial judge should be sustained unless an abuse of discretion is shown. *Grant* v. *National Manufacturer & Plating Co.,* 258 Mich 453.

After the trial had been in progress for some days defendant stated that she had cohabited sexually with plaintiff over a period of 3 months after suit was begun, and that she had discharged her former attorney because he declined to raise the question of condonation at the pretrial hearing. The trial judge had offered defendant's resubstituted counsel a continuance before any testimony was taken. After he had conferred with his client he stated he was ready to proceed, and the trial began. When defendant's attorney cross-examined the husband he denied cohabitation had occurred after the suit had been commenced. The record does not show a request at any time for permission to amend the answer. There was only a discussion regarding cohabitation, as to which the trial judge observed:

"No claim of it was made at the pretrial, and no amendment offered.

"The case is now at the end of the first week. It seems to me that is a little late to bring in another defense."

Even if this can be said to be a ruling, it was not an abuse of discretion. *Konstantine* v. *City of Dearborn,* 280 Mich 310, 314; and see *Ferguson* v. *Ferguson,* 145 Mich 290.

Defendant claims the property settlement in the decree is inequitable because she is awarded no income-producing property. An equitable distribution of property does not require giving either of the parties everything desired. The fairness of the trial judge in the premises is manifest from the record.

The decree is affirmed, without costs.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.