327 Mich. 318 (1950)
41 N.W.2d 881
LeBEL
v.
LeBEL.
Docket No. 32, Calendar No. 44,627.
Supreme Court of Michigan.
Decided April 3, 1950.
Rehearing denied May 18, 1950.
Hepburn, Coy, Jossman & Kwetcher (Frank Iannelli, of counsel), for plaintiff.
Edward N. Barnard, for defendant.
BUSHNELL, J.
The parties hereto were married in 1917. No children were born to them. They separated in December of 1946, and the husband filed a bill for divorce the following month, alleging extreme cruelty. The trial judge found in favor of the husband and entered a decree accordingly.
The wife was awarded property valued at about $82,000, consisting of some corporate stocks, the home in Detroit, a farm in Oakland county, properties in Ohio and Florida, household furnishings, and an automobile. The husband was awarded property valued at about $72,000, including stocks, cash, the Florida home, household furnishings, and an automobile. The wife has appealed.
The testimony produced by plaintiff concerning false accusations of infidelity, constant and unprovoked nagging, continual ridicule, embarrassment and humiliation, and the disruption by his wife of *320 plaintiff's business, make out a case of extreme cruelty. Cotton v. Cotton, 243 Mich 436, Brookhouse v. Brookhouse, 286 Mich 151, and Pinchuk v. Pinchuk, 317 Mich 523.
Defendant claims that the trial judge should have permitted her to amend her answer to allege sexual cohabitation after the bill had been filed. Amendments, if requested, are permissible at any time prior to a decree. CL 1948, § 616.1 (Stat Ann § 27.838). The ruling of the trial judge should be sustained unless an abuse of discretion is shown. Grant v. National Manufacturer & Plating Co., 258 Mich 453.
After the trial had been in progress for some days defendant stated that she had cohabited sexually with plaintiff over a period of 3 months after suit was begun, and that she had discharged her former attorney because he declined to raise the question of condonation at the pretrial hearing. The trial judge had offered defendant's resubstituted counsel a continuance before any testimony was taken. After he had conferred with his client he stated he was ready to proceed, and the trial began. When defendant's attorney cross-examined the husband he denied cohabitation had occurred after the suit had been commenced. The record does not show a request at any time for permission to amend the answer. There was only a discussion regarding cohabitation, as to which the trial judge observed:
"No claim of it was made at the pretrial, and no amendment offered.
"The case is now at the end of the first week. It seems to me that is a little late to bring in another defense."
Even if this can be said to be a ruling, it was not an abuse of discretion. Konstantine v. City of Dearborn, 280 Mich 310, 314; and see Ferguson v. Ferguson, 145 Mich 290.
*321 Defendant claims the property settlement in the decree is inequitable because she is awarded no income-producing property. An equitable distribution of property does not require giving either of the parties everything desired. The fairness of the trial judge in the premises is manifest from the record.
The decree is affirmed, without costs.
BOYLES, C.J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.