SINGEWALD *v.* LOCAL UNION NO. 7, UAW–CIO.

1. COURTS—PRETRIAL HEARING.

The objective sought by a pretrial hearing under the pertinent court rule presupposes a readiness to proceed to an early trial without unnecessary delay by the simplification of issues, avoidance of necessity for amendments and to improve the prompt administration of justice (Court Rule No 35, §§ 4–6 [1945, 1952]).

2. PLEADING—AMENDMENT—DISCRETION OF COURT.

Generally, the power to allow amendments to pleadings rests in the sound discretion of the trial court (CL 1948, § 616.1).

3. SAME—AMENDMENT—REVIEW.

Trial courts have the power to allow amendments to pleadings for the furtherance of justice and the ruling thereon should not be disturbed by the Supreme Court except upon a showing of an abuse of discretion (CL 1948, § 616.1).

4. COURTS—PRETRIAL HEARING—AMENDMENT OF PLEADING.

The purpose of local circuit court rule as to conduct of pretrial hearings is to dispose of all amendments to pleadings before the cause is assigned to a judge for final hearing (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5]).

5. PLEADING—PRETRIAL HEARING—AMENDMENT.

Amendment of a pleading should be permitted only under the most compelling circumstances, where sought after pretrial hearing at which disposition of motions to amend should be made (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5]).

6. SAME—AMENDMENT—PRETRIAL HEARING—PARTIES—CAUSES OF ACTION—DISCRETION OF COURT.

Trial court's denial of amendment of pleadings in. action for alleged conspiracy to cause plaintiff's discharge from em-

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 11.
[2, 3] 41 Am Jur, Pleading § 293.
[4–6] 41 Am Jur, Pleading § 296.
[4–6] Binding effect of court's order entered after pretrial conference. 22 ALR2d 599.

ployment by defendant employer, brought against such defendant, a local union of which plaintiff was a member and its officers, whereby it was sought to add as parties defendant the national and international unions and certain of their officers and appeal board, made some 7 months after pretrial hearing and which brought into the case different parties on different causes of action was not an abuse of discretion (CL 1948, § 616.1; Court Rule No 35, §§ 4–6 [1945, 1952]; Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5]).

Appeal from Wayne; FitzGerald (Frank), J. Submitted April 8, 1954. (Docket No. 30, Calendar No. 46,058.) Decided June 7, 1954.

Case by Charles Singewald against Local Union No. 7, UAW–CIO, an unincorporated association, Chrysler Corporation, a corporation, and Joseph Hattely, Joe Meader and Bill Hay, officers of Local Union, for damages for wrongful discharge. Following pretrial hearing, plaintiff moved to add other parties and amend declaration. Motion denied. Plaintiff appeals. Affirmed.

*Charles Singewald*, in propria persona.

*Harold A. Cranefield* and *Kurt L. Hanslowe,* for defendant Hay.

*Ralph R. Goldsmith,* for defendants Local Union, Hattely and Meader.

BOYLES, J. The question here for decision is whether the trial court erred in denying motions by the plaintiff to add parties defendant, leave to amend summons and file supplemental pleadings, and to amend the plaintiff's declaration. From the order of denial the plaintiff, on leave granted by this Court, appeals in the nature of certiorari.

In January, 1952, the plaintiff *in propria persona* filed a declaration in the circuit court for Wayne county and caused summons to be issued against the defendant Local Union No. 7, UAW-CIO, the individual defendants Hattely, Meader and Hay, and the Chrysler Corporation. The plaintiff claimed damages for an alleged conspiracy by the defendants to cause plaintiff's discharge from employment by the Chrysler Corporation, and for failure by the union to properly represent plaintiff's interests in presenting his grievance to said corporation, whereby he lost his employment. Hattely, Meader and Hay were alleged to be officials of said labor union, and the Chrysler Corporation was charged with having discharged the plaintiff without just cause.

In July and September, 1952, the defendant labor union and defendants Hattely and Meader, the Chrysler Corporation, and defendant Hay filed separate answers denying the allegations in the declaration. Calendar entries in the record indicate that on December 1, 1952, praecipe for the cause, ready for trial, was filed.

On March 16, 1953, the plaintiff *in propria persona* and the defendants by attorneys appeared before a circuit judge of Wayne county for a pretrial hearing, and on that date a pretrial statement was filed by the judge, which is in the record. Applicable to the issue now before us, it states:

"All parties indicate they are satisfied with the pleadings, and each party concedes that the others, without further amendment to the pleadings, may introduce competent proofs in support of their respective versions of the case as presently pleaded and herein stated.  *  *  *  A jury trial has not been demanded. Counsel and plaintiff estimate the case will take 3 to 4 days to try."

On October 2 and October 19, 1953, the plaintiff filed the motions here involved, asking for leave to add parties defendant, amend the summons and file supplemental pleadings, and to amend the declaration. The purport of these motions was to bring into the case as defendants the International executive board and appeals committee of the UAW–CIO, the National Chrysler department of the International UAW–CIO and its director Norman Matthews, the International Union of the UAW–CIO, and certain individual officers or directors. The motions referred to additional evidence, which plaintiff claimed:

"not only tends to prove the charge of consipracy against the originally charged defendants, but it will also indicate a separate cause of action against the newly-named defendants not only for an unlawful conspiracy to insure the success of the original conspiracy, but also a cause of action for a breach of fiduciary duty owing to the plaintiff. * * * The plaintiff requests this honorable court to consolidate this present cause of action."

The proposed amended declaration is in the record. It asserts a new cause of action as against different parties sought to be added as defendants, based on different allegations as to their duties and obligations to the plaintiff. The amended declaration proposes to add 2 counts. One of the such added counts sounds in tort, and the other in contract. The same evidence and measure of damages apparently does not apply to both. See *Stowe* v. *May,* 247 Mich 566.

Plaintiff does not explain the agreement at the pretrial hearing held 15 months after his declaration was filed, that they were satisfied with the pleadings and to proceed to trial without further amendments; nor does plaintiff explain the delay

thereafter in filing his motions to add parties and to amend. He claims further investigation of his cause of action, which might well have been made either before he started suit or before the pretrial hearing. While no rule has been laid down that parties cannot be added or amendments made after pretrial hearing, the objective sought by a pretrial hearing under Court Rule No 35, §§ 4–6, inclusive (1945),* namely, the simplification of issues, the avoiding of necessity for amendments, and to improve the prompt administration of justice, presupposes a readiness to proceed to an early trial without unnecessary further delay, such as here seems to be the object of plaintiff's motions.

As a general rule, power to allow amendments rests in the sound discretion of the trial court.

"Under the statute, trial courts have the power to allow amendments to pleadings for the furtherance of justice. CL 1929, § 14144 (CL 1948, § 616.1 [Stat Ann § 27.838]). Whether or not an amendment may be allowed rests in large measure in the discretion of the trial judge. His ruling should not be disturbed except upon a showing of an abuse of discretion. *Konstantine* v. *City of Dearborn,* 280 Mich 310. We believe there was no such abuse of discretion herein." *Randall* v. *Douglass,* 321 Mich 492, 495.

"The record does not show a request at any time for permission to amend the answer. There was only a discussion regarding cohabitation, as to which the trial judge observed:

" 'No claim of it was made at the pretrial, and no amendment offered.

" 'The case is now at the end of the first week. It seems to me that is a little late to bring in another defense.'

"Even if this can be said to be a ruling, it was not an abuse of discretion. *Konstantine* v. *City of*

---

* Section 6 added June 27, 1952. See 334 Mich xl.

*Dearborn,* 280 Mich 310, 314; and see *Ferguson* v. *Ferguson,* 145 Mich 290." *LeBel* v. *LeBel,* 327 Mich 318, 320.

"The purpose of local circuit court rule as to conduct of pretrial hearing is to dispose of all amendments to pleadings before the cause is assigned to a judge for final hearing (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5] ).

"Amendment of a pleading should be permitted only under the most compelling circumtances, where sought after pretrial hearing at which disposition of motions to amend should be made (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5] ).

"Generally, permission to amend plea rests wholly within discretion of trial court, and, unless discretion is abused, Supreme Court will not interfere, whether amendment is granted or refused (CL 1948, § 616.1 [Stat Ann § 27.838] )." *Simonelli* v. *Cassidy* (syllabi), 336 Mich 635.

See, also, *Joy Oil Co.* v. *Fruehauf Trailer Co.,* 319 Mich 277, 280; *Simpson* v. *Burton,* 328 Mich 557, 563; *Tomlinson* v. *Tomlinson,* 338 Mich 274, 281.

The trial court did not abuse its discretion in denying the motions.

Affirmed. Costs to appellees.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.