MOROCCO *v.* LANGE.

1. MOTOR VEHICLES—NEGLIGENCE OF DRIVER.
   Driver of truck on which plaintiff was riding was not guilty of contributory negligence as a matter of law where testimony shows that as he entered street from private road he stopped and allowed ample room for defendant's car to pass had it stayed on its right side of street.

2. NEGLIGENCE—MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE.
   Both issues of motorist's negligence in driving on wrong side of street and failing to make proper observation of way ahead and of truck driver's contributory negligence imputable to plaintiff guest in driving truck into street were properly submitted to jury where facts were in dispute.

3. PLEADING—AMENDMENT—COURSE OF EMPLOYMENT—ACCIDENT.
   Denial of motion of defendant automobile owner that his answer be amended to substitute denial for admission that driver of his car was in course of his employment at time of accident was not an abuse of discretion under all the circumstances of the case.

Appeal from Monroe; Root (Jesse H.), J. Submitted January 3, 1934. (Docket No. 27, Calendar No. 37,281.) Decided March 6, 1934.

Case by Jack Morocco against A. H. Lange, doing business as Lange Motor Sales, and Earl Cronenwett for injuries sustained while a passenger in a truck which collided with defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Gordon & Williamson,* for plaintiff.

*Don W. Van Winkle* and *Golden, Nadeau & Fallon,* for defendants.

FEAD, J. Plaintiff had verdict of a jury and judgment for damages for injuries sustained in a collision between a truck in which he was riding, owned and driven by Jim Castiglione, and a car owned by defendant Lange and driven by defendant Cronenwett, an employee of Lange. A principal question is whether the court should have directed verdict for defendant on the ground of contributory negligence of the truck driver, imputed to plaintiff.

The collision occurred on east Front street at Monroe, a dirt highway with graveled portion 25 feet wide, sodded 10-foot berm to the north and 4-foot dirt sidewalk. The testimony favorable to plaintiff is that the truck was proceeding southerly on a private road; when it reached the sidewalk it stopped; the driver and plaintiff looked to the west and saw defendant's car a block and a half away; they did not know its speed and Castiglione thought he could safely proceed into the highway; he started the truck but, after running a few feet, noticed that the car was approaching very rapidly, turned slightly to the

east and stopped; the truck then was north of the center of the traveled portion of the highway and was struck at the cab by defendant's car coming head-on; the collision occurred because defendant's car was on the wrong side of the road and the driver was watching people along the highway instead of looking ahead.

The truck driver accorded to Cronenwett full right of way because the latter had ample room to proceed on his own right side of the highway. Castiglione was not bound to anticipate that Cronenwett would not make proper observation or that he would approach on the wrong side of the road and, therefore, it cannot be said, as a matter of law, that he was negligent in proceeding. When he saw danger of collision he acted to avoid it. The facts were in sharp dispute and the issues both of negligence and contributory negligence properly were submitted to the jury.

We discover no error in connection with the charge nor in the rejection of testimony.

The action was commenced April 8, 1932. Trial was had December 27 to 29, 1932. The declaration charged that Cronenwett was Lange's employee and on his employer's business at the time of the collision. The answer admitted the charge. Counsel for defendants conceded it at the opening of trial. When Cronenwett was examined on defense, however, he gave testimony which indicated that he was on his own business and not on Lange's when the accident occurred. Defendant Lange then moved to amend his answer to withdraw the admission made and to deny the charge that Cronenwett was in the course of his employment at the time of the collision. The court denied the motion.

The facts were readily obtainable by Lange and should have been discovered because Cronenwett

continued in his employ to the time of trial. When the motion was made the trial had been in progress two days and was nearly concluded. No excuse for the failure to ascertain the fact was offered. Granting the motion would have necessitated a new trial, with change of issues, and put upon plaintiff the burden of meeting the amendment. Under the circumstances, we cannot say that the court abused its discretion in denying the motion.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.