## GRAHAM *v.* THORMAN.

1. MASTER AND SERVANT—QUESTION FOR JURY—EVIDENCE.
   It was not error for trial court to submit to jury the question of whether plaintiff was an employee of defendant at time of injury, where the competent testimony on such issue was in conflict.

2. TRIAL—QUESTION FOR JURY—CONFLICTING TESTIMONY.
   A determination of material facts is for the jury, where testimony with respect thereto is in conflict.

3. PLEADING—ANSWER—AMENDMENT—DISCRETION OF COURT.
   Whether or not a defendant may amend his answer after proofs generally rests solely in the discretion of the trial court and the Supreme Court will not interfere unless such discretion is abused.

4. SAME—AMENDMENT OF ANSWER—INSTRUCTIONS.
   Denial of defendant's motion to amend answer to accord with proofs in action by plaintiff for broken leg, sustained when he fell from defendant's truck as he was attempting to operate defective brakes, to provide that plaintiff's acceptance of workmen's compensation from a third party for whom defendant had furnished truck was a bar to action against defendant *held,* not reversible error, where court instructed jury that if they found defendant was a subcontractor of the third party and that plaintiff had received workmen's compensation from such third party, there should be a verdict of no cause for action, since defendant actually received the benefit of his motion.

REFERENCES FOR POINTS IN HEADNOTES
[1]  35 Am Jur, Master and Servant § 3.
[2]  53 Am Jur, Trial § 156 *et seq.*
[3, 4]  41 Am Jur, Pleading §§ 309, 310.

Appeal from Macomb; Carroll (Howard R.), J. Submitted October 10, 1958. (Docket No. 35, Calendar No. 47,649.) Decided December 3, 1958.

Case by Floyd Roy Graham against Marvin Thorman, his employer, for injuries sustained by reason of defective brakes on motor vehicle. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Charles A. Lorenzo* and *Herbert J. Pevos,* for defendant.

KAVANAGH, J. Plaintiff instituted an action of trespass on the case, alleging that on July 22, 1954, he was an employee of the defendant and, as such, was operating a truck owned by the defendant.

At the time of the accident plaintiff alleges that he was in the process of having the truck loaded with gravel at a pit located in the county of Macomb. Plaintiff further alleges the truck, which was pulled up beside a crane and parked on an incline, was being loaded by Foltz Brothers' crane and operator. When the truck was about 2/3 loaded it commenced to roll ahead. Plaintiff attempted to stop the truck from continuing, but because of defective brakes was unable to do so. He then attempted to use the emergency brake, but this brake was also defective. In attempting to reach the emergency brake he fell from the truck, breaking his right leg.

Plaintiff brought this action to recover for both medical and hospital attention and pain and suffering, claiming defendant employer was negligent in furnishing plaintiff defective equipment, and that this negligence was the proximate cause of the accident.

Defendant answered plaintiff's declaration as follows:

"And for further answer to plaintiff's declaration defendant avers that on to-wit the date first mentioned in the declaration defendant leased a truck to Foltz Brothers for the purpose of transporting aggregates from points in or near the village of Romeo, Macomb county, where being produced, to their customers at other points in that and other adjoining counties for the purpose of operating which truck said Foltz Brothers engaged plaintiff as driver and over which truck and driver the said Foltz Brothers had full control and dominion and obligated to pay plaintiff for such services."

Defendant further alleged that if plaintiff received an injury at the time and place charged, he, at the time, was an employee of Foltz Brothers. Defendant alleged on information and belief that plaintiff filed a claim against Foltz Brothers for compensation under the Michigan workmen's compensation act[*] and received benefits which accrued under said act.

The testimony developed that after plaintiff was injured he was removed to St. Joseph's Hospital where he was visited by Maurice Foltz, one of the Foltz Brothers, and upon ascertaining that defendant Thorman did not carry workmen's compensation insurance, plaintiff was advised by Foltz that he would be considered as one of their employees and plaintiff should make application as such under Foltz Brothers' workmen's compensation insurance. It is. further admitted that such application was made and compensation paid.

At the close of the proofs defendant moved for a directed verdict on the ground that plaintiff's action was barred by CL 1948, § 411.10 (Stat Ann

[*] CL 1948, § 411.1 *et seq.*, as last amended by PA 1953, Nos 53, 198 (Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp § 17.191 *et seq.*).— REPORTER.

§ 17.150) of the workmen's compensation act,* since it was defendant's contention that the proofs show that regardless of whether or not plaintiff was in the direct employ of defendant Thorman, he was, in any event on that day, the employee of Foltz Brothers under the workmen's compensation act because of the fact that defendant Thorman as subcontractor, not subject to the act, was delivering the gravel for Foltz Brothers as principal and for the job undertaken by the principal.

The court reserved defendant's motion† and submitted the relationship of plaintiff to defendant Thorman and Foltz Brothers as an open question of fact for the jury's determination.

At close of proofs defendant made a motion for directed verdict on the ground that defendant Thor-

---

* "(a) Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract;

"(b) Where the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor as the case may be, but the employee shall not be entitled to recover at common law against the contractor or any other person for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor."

† See CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1957 Cum Supp § 27.1461 et seq.).—REPORTER.

man was a subcontractor of Foltz Brothers, and plaintiff's acceptance of compensation was a bar to this action. Prior to submission defendant sought leave to amend his answer in accordance with the proofs in this case by adding this defense. This amendment was denied by the court.

The jury found in favor of the plaintiff. Defendant then moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. From a denial of defendant's motion and the entry of judgment, defendant appeals claiming: (1) the court erred in submitting the question of the relationship of plaintiff and defendant and of plaintiff and Foltz Brothers to the jury; (2) the court erred in denying defendant's motion for judgment notwithstanding the verdict in view of the fact that no question of fact was raised with respect to the contractual relationship between Thorman and Foltz Brothers.

The sole question in this case is whether or not plaintiff was an employee of defendant Thorman or by reason of a contract between Thorman and Foltz Brothers became an employee of Foltz Brothers. Plaintiff in his declaration alleged that he was such an employee. Defendant in his answer denied it. The original transcript discloses plaintiff's testimony as to his employment was as follows:

"*Q.* Now, on the 22d of July, 1954, where were you employed?

"*A.* Marvin Thorman. * * *

"*Q.* The latter part of April; and was that employment continuous to July 22, 1954?

"*A.* Yes. * * *

"*Q.* What kind of work did you do?

"*A.* Driving truck. * * *

"*Q.* But, who paid you?

"*A.* Thorman. * * *

"*Q.* Now, who gave you the instructions as to when you were to pick (up) this load of stone?

"*A.* Next morning, you mean?

"*Q.* Any day?

"*A.* Mr. Thorman.

"*Q.* When did he give you these instructions?

"*A.* Well, he was the only one that gave them to me.

"*Q.* I know, now would he give you the instructions when you returned back with the truck?

"*A.* Well, yes, he would give me instructions on that.   *   *   *

"*Q.* And had you ever worked for Foltz Brothers at any time?

"*A.* No."

This testimony was, in part, supported by Mr. Maurice Foltz of Foltz Brothers. Mr. Foltz testified that there was no definite arrangement worked out between him and Thorman and that Thorman was his employee:

"*Q.* So there was no method of compensation worked out between you and Marvin Thorman?

"*A.* No.   *   *   *

"*Q.* Now, Mr. Thorman worked for you that day too, didn't he?

"*A.* Yes.

"*Q.* What did he get paid?

"*A.* Well, we paid lots of drivers, I have no idea.

"*Q.* Well, was he designated as one of your employees for that day?

"*A.* I guess he would be, I am not positive.

"*Q.* What did you pay him?

"*A.* I do not know.

"*Q.* Were you to pay him a sum of money to cover both Thorman and Graham?

"*A.* Was I?

"*Q.* Yes?

"*A.* Yes.

"*Q.* Yes?

"*A.* I don't know."

Mr. Thorman insisted that he was not the employer of plaintiff at the time of the accident. His testimony with reference to the contract arrangement between him and Foltz Brothers was likewise indefinite:

"*A.* I had arrangements with Foltz that they could have my trucks whenever they were available and if I didn't have a driver, they could furnish their driver; and if I had a driver they could hire my driver, and— * * *

"*Q.* Now witness, you don't claim that Mr. Foltz was Mr. Graham's employer on July 22, 1954?

"*A.* Yes. * * *

"*Q.* Now, you say you made arrangements with Foltz Brothers for Mr. Graham, when was that arrangement made?

"*A.* I did not make any arrangements with Foltz Brothers for Mr. Graham.

"*Q.* You did not make any arrangements with Foltz Brothers for Mr. Graham?

"*A.* No.

"*Q.* So that Graham never worked for Foltz Brothers, did he?

"*A.* I don't know. * * *

"*Q.* Were you working for Foltz Brothers?

"*A.* Yes.

"*Q.* Were you their employee?

"*A.* No.

"*Q.* How much will they pay you, for your truck?

"*A.* We got paid by the yard.

"*Q.* How much were you getting by the yard?

"*A.* I don't recall.

"*Q.* Did Mr. Graham know how much he was being paid by the yard?

"*A.* I don't know."

A clear question of fact was presented for submission to the jury. The court did not err in submitting the question nor in denying defendant's motion. A jury question exists when competent

testimony is conflicting and presents a question upon which reasonable minds might differ. *Tavener* v. *Elk Rapids Rural Agricultural School District*, 341 Mich 244. This Court has held numerous times in the last few years that a determination of material facts is for a jury where testimony contains a conflict as to material facts. *Grover* v. *Simons*, 342 Mich 480; *Davis* v. *New York Central R. Co.*, 348 Mich 262; *Bishop* v. *New York Central R. Co.*, 348 Mich 345.

In his charge to the jury the court told the jury that if they found that the defendant was a subcontractor of Foltz Brothers at the time of the accident, and if they found that the plaintiff received compensation for injuries sustained, they should bring in a verdict of no cause of action.

In view of the conflicting statements of witnesses, including the answer filed by defendant, and in view of the indefinite testimony of both Thorman and Foltz with respect to their contract relationship, a question of fact existed as to whether a contractual relationship existed between Thorman and Foltz Brothers which would preclude plaintiff's recovery, and a question of fact existed as to whether plaintiff was actually an employee of Thorman. These conflicts of facts were properly submitted to the jury, and apparently resolved in favor of plaintiff's theory since the jury brought in a verdict for plaintiff in the sum of $2,550.

The only other question in the case is whether or not defendant should have been permitted to amend his answer after proofs. Generally, permission, or refusal of permission, to amend rests solely in the discretion of the trial court, and unless this discretion is abused the Supreme Court will not interfere. *Jackson City Bank & Trust Co.* v. *Blair*, 333 Mich 399 (32 ALR2d 920); *Cook* v. *Wolverine Stockyards Co.*, 344 Mich 207; *Rosenbrock* v. *School District No. 3*,

344 Mich 335; *Howard* v. *Burton,* 338 Mich 178; *Singewald* v. *Local Union No. 7, UAW-CIO,* 339 Mich 503.

In view of the charge to the jury, in which the court instructed the jury that if they found that the defendant was a subcontractor of Foltz Brothers at the time of the accident, and if they found that the plaintiff received compensation for injuries sustained, they should bring in a verdict of no cause of action, defendant certainly could not complain with reference to the denial of his motion because he actually received the benefit of it in the instructions from the court.

The order denying motion for new trial and entry of judgment in favor of plaintiff against defendant is upheld. Plaintiff may tax costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.