SCOTT *v.* CLEVELAND.

1. Pleading — Amendment — Trial — Discretion of Court — Rear-End Collision — Change of Theory.

Allegation in taxicab passenger's action against owner and operator of taxicab and owner and operator of private car which collided with rear end of taxicab that both were exceeding the speed limit and that the car was unable to stop within the assured clear distance ahead would not support evidence that taxicab swerved from one lane to another in front of the other car and then came to a sudden stop without giving warning as they both approached a red traffic light, hence, it was an abuse of discretion on part of trial court to allow plaintiff to amend his declaration to permit evidence of swerving after trial had commenced and no objection had been made to pretrial statement which also did not mention the additional matter of swerving from one lane to another (CLS 1956, § 257.627; Court Rule No 35, § 4 [1945]).

2. Same—Purpose.

The essential requirement of pleading is nothing more complicated than giving the other party reasonable notice of the claim or defense (CL 1948, § 614.2; Court Rule Nos 17, 19, § 1[1945]).

3. Same—Amendment—Discretion of Court.

The matter of amendment of pleadings is largely one of discretion with the trial court.

4. Same—Amendment—Pretrial Hearing.

A trial judge has the right to authorize amendment of pleadings after a pretrial hearing but should permit an amendment then only under the most compelling circumstances, since it is the purpose of the pretrial conference to dispose of all amendments to the pleadings before assignment of the case to a judge for final hearing (Court Rule No 35, § 4 [1945]).

References for Points in Headnotes

[1] 41 Am Jur, Pleading § 306.
[2] 41 Am Jur, Pleading § 3.
[3] 41 Am Jur, Pleading § 293.
[4] 41 Am Jur, Pleading § 296.

Appeal from Wayne; Brown (Charles L.), J., presiding. Submitted January 13, 1960. (Docket Nos. 70, 71, Calendar Nos. 47,798, 48,152.) Decided June 7, 1960. Rehearing denied July 11, 1960.

Case by Warner Scott against Ollie Cleveland and Willie Houze and against Thomas Marr and Lawrence Sholz, doing business as Checker Cab, for personal injuries sustained while riding in taxicab struck in rear. Verdict and judgment for plaintiff. Separate appeals by defendants. Reversed and remanded for new trial.

*Dann, Rosenbaum, Bloom & Kaufman,* for plaintiff.

*Ward, Plunkett & Cooney* (*Robert E. Rutt,* of counsel), for defendants Cleveland and Houze.

*Vandeveer, Haggerty, Garzia & Haggerty,* for defendants Marr and Sholz.

Souris, J. This case arose out of a rear-end collision between a taxicab in which plaintiff was riding as a passenger and a private automobile driven by Mrs. Cleveland and owned by Mr. Houze. Defendant Marr was the owner and defendant Sholz was the driver of the taxicab. The collision occurred in 1954. Suit was started by summons in 1956, and a declaration was filed following defendants' appearances. The declaration was first amended in November of 1957. In December of 1957 a pretrial hearing was held before the late Honorable Robert M. Toms, Wayne circuit judge, pursuant to the provisions of our Court Rule No 35, § 4 (1945), prior to its amendment effective July 1, 1958.

The declaration and amended declaration contain the following allegations:

"(8) That the defendant Ollie N. Cleveland was operating [her] vehicle in an easterly direction on Forest avenue and caused [her] vehicle to run into the rear of the taxicab which was proceeding in the same direction and which had come to a sudden stop;

"(9) That said intersection is controlled by a traffic light and the defendants failed to approach the traffic signal in a proper, careful, and reasonable manner, and, on the contrary, attempted to what is known as, 'beat the light.'"

The following appears also in the amended declaration, subparagraphs (b) and (d) having been added by the amendment to the allegations of the original declaration:

"(17) That the said accident occurred because of the violation by the defendants herein of the statutes of the State of Michigan, the ordinances of the city of Detroit, more especially 115-D thereof, and the common-law duties and obligations of the defendants, jointly and severally, more particularly as follows:

"(a) That the defendant, Ollie N. Cleveland, was operating [her] vehicle at an excessive rate of speed, to wit, upwards of 30 miles per hour, in an easterly direction on Forest avenue, without adequate brakes, without having the same under control, without being able to bring the same to a stop within the assured clear distance ahead, and in such a manner as to have caused and/or contributed to the occurrence of the accident involved herein; and

"(b) That the said defendant, Ollie N. Cleveland was further careless and negligent in failing to operate [her] vehicle in such manner as to avoid striking the rear of the taxicab in which plaintiff was riding;

"(c) That the defendant, Lawrence Sholz, was operating the taxicab prior to the accident at an excessive rate of speed, to wit, upwards of 30 miles per hour, without proper brakes, by bringing the

taxicab to a sudden stop, without giving proper warning of his intentions to vehicles behind him, and in such a manner as to have caused and/or contributed to the occurrence of the accident involved herein;

"(d) That the said defendant, Lawrence Sholz, operated the said taxicab in disregard of the traffic conditions and traffic light conditions so as to confuse the drivers of other vehicles approaching him."

Judge Toms summarized the claims of the parties as asserted during the pretrial conference in this fashion:

"This was a rear-end collision, with the cab being the first in line and being struck by the other car in the rear.

"The plaintiff and the defendants involved in the other car claim that the cab came to a sudden and unexpected stop without signal, and that this caused the collision. The owner and driver of the cab claim that it came to a normal stop with adequate signals, but that the other car was being driven so recklessly and so fast that signals didn't mean anything, and a collision resulted. * * *

"The pleadings are satisfactory, discovery has been completed."

Indeed, depositions had been taken for the purpose of discovery from plaintiff and from both defendant drivers. Within 1–1/2 months after the pretrial conference, the trial commenced. In his opening statement to the jury, plaintiff's counsel said:

"At that particular point in order to gain time without slowing down adequately, without taking the proper precautionary steps the cab driver suddenly swerved his cab from one lane into the other as he applied his brakes to get into a line of traffic where there were fewer cars ahead of him so he could make a moment or 2 or 3 of extra time. At that particular

point the defendant Ollie Cleveland who was driving the car belonging to Mr. Willie Houze and was driving with his consent and permission, apparently oblivious of the traffic conditions ahead of her and without paying attention to the hazard which was being created by the sudden swerving of the cab from one lane into the other, without being in the slightest aware of it and without having her car under such control that she could stop within the assured clear distance ahead proceeded into the rear of this cab and struck it just as the cab was coming to a stop.

"Now, I might mention at this point, also, that when the cab driver suddenly swerved and applied his brakes suddenly within the short distance in which the car went from one lane to the other the impact of applying his brakes so suddenly threw Mr. Scott forward unexpectedly and just at the time as he was about to ordinarily resume his seat, before he had an opportunity to do so fully and before the cab had come to a full and complete stop the cab was struck from behind causing Mr. Scott to be violently thrown to the back of the cab in a manner in which he is unable to relate because he was so suddenly stunned and apparently knocked unconscious for a spell."

Immediately upon completion of plaintiff's opening statement, objection was made to counsel's reference to the taxicab having swerved suddenly into the lane of traffic occupied by defendant Cleveland and immediately in front of her. The objection was based upon the absence of any such factual allegation in the original or the amended declaration or in the pretrial statement prepared and filed by Judge Toms, and a motion was made to exclude any testimony with reference thereto. Plaintiff's counsel claimed that the purport of his amended declaration was a general allegation of reckless driving by defendants which would include the sudden swerving

of the taxicab into the other vehicle's path. Plaintiff's counsel also claimed to have disclosed orally several weeks before trial his "swerving theory" to a young lawyer associated with counsel for the taxicab owner and driver. He asked leave of the court to further amend the declaration "to cover that allegation of mine in my opening statement."

It was defendants' claim that plaintiff's opening statement presented a new theory of the case which, never having been pleaded, caught them by surprise without opportunity to prepare properly a defense thereto. After an extended colloquy between court and counsel, the trial judge suggested the possibility of adjournment, to accommodate defendants if he permitted amendment of the pleadings to include the allegation of a sudden change in the taxicab's course, or to accommodate plaintiff if he denied the right to amend. The proceedings then went off the record and, after a conference in the trial court's chambers (not recorded), the court ruled (over defendants' objections) that plaintiff could amend his declaration to conform to his opening statement, but he did not adjourn the trial, nor was there any further mention of adjournment so far as the record discloses.

The trial proceeded, and on the last day thereof plaintiff filed a supplement to his amended declaration which added the following italicized words to subparagraph 17(d):

"That said defendant, Lawrence Sholz operated the said taxicab in disregard of the traffic conditions and traffic light conditions so as to confuse the drivers of other vehicles approaching him *and including the changing of the course of said vehicle from one traffic lane to another without necessity or reason and without first ascertaining whether same could be done safely and at a time when it could not be done safely by reason of the close proximity of other vehicles; the sudden and abrupt application of*

*brakes on said vehicle and without adequate warning to other vehicles and in the sharp variation of the speed of his said vehicle."*

In the absence of amendment, plaintiff could not have proved defendants' negligence by proof that the taxicab suddenly and without warning swerved in front of the other car involved in the collision. Contrary to assertions made by plaintiff's counsel to the trial court and to us, his pleadings at the commencement of trial and the pretrial statement were inadequate to prove defendants' negligence except, as to the taxicab driver, by proof that he suddenly stopped without warning, and as to the other driver, by proof that she could not stop within the assured clear distance ahead.* A bare allegation of negligence, as plaintiff himself seems to concede, would not support proofs such as were received in this case. Nor would the allegation that defendant taxicab driver operated his vehicle "in disregard of the traffic conditions and traffic light conditions so as to confuse the drivers of other vehicles approaching him" be sufficient to support such proofs. It is not unreasonable to believe that defendants' counsel did nothing in their preparation for trial to meet plaintiff's belated claim of the swerving taxicab. As a matter of fact, counsel for the taxicab owner and driver attempted by pretrial discovery cross-examination of plaintiff to determine precisely what his claim of negligence was. His testimony by deposition varied from that given at the trial, as is illustrated by the following excerpt from his cross-examination at trial:

"*Q.* Now, Mr. Scott, do I understand correctly that your chief complaint concerning the operation of

---

* See CLS 1956, § 257.627 (Stat Ann 1952 Rev § 9.2327).—RE-PORTER.

the taxicab at this time is that the taxicab swerved in front of this other car?

"*A.* Yes, sir, he did. He changed from lane—from lane 3 into lane 2.

"*Q.* That is your chief complaint about the operation of this taxi cab?

"*A.* Yes, sir.

"*Q.* And has that always been your chief complaint?

"*A.* Yes, sir.

"*Q.* Now, you recall, Mr. Scott, that there was a—what they call a 'deposition' taken in October of 1956 at, I believe your attorney's office in the David Stott Building?

"*A.* Yes, sir.

"*Q.* And your attorney, Mr. Rosenbaum, I believe, was present at that time, was he not?

"*A.* Yes, sir.

"*Q.* Now, do you remember being asked this question and giving this answer?

" '*Q.* And you didn't have any complaint with the manner in which the cab was driven, did you?

" '*A.* No, I had no complaints.'

Do you remember that?

"*A.* Yes, sir, I do remember that.  *  *  *

"*Q.* Actually, Mr. Scott, didn't this accident occur this way? That the taxicab simply pulled up behind a line of cars, put on his brakes, then it was struck from the rear?

"*A.* No, sir, it didn't appear to happen that way to me.

"*Q.* You distinctly recall a swerving?

"*A.* Yes, sir, I do.

"*Q.* That is the thing that impressed you the most?

"*A.* When you swung from lane 3, you can tell from body movements when you're noticing whether a car swing from one lane to another.

"*Q.* Mr. Scott, you remember this deposition taken back in October, 1956?

"*A.* Yes, sir.

*"Q.* This question was asked you:

*" 'Q.* In what lane of traffic was the cab traveling in?'

*"Mr. Sweeney:* Pardon me, page 7, Mr. Rosenbaum.

*"Q.* (By Mr. Sweeney, continuing): And the answer:

*" 'A.* It was nearer the right side of the street.'

*"Q.* Do you recall that question and that answer?
*"A.* Yes, sir, I do remember that."

Neither the pleadings, the plaintiff's own pretrial deposition, nor the pretrial statement could be construed in such fashion that it can be said defendants had reasonable notice of the swerving claim against which they were compelled to defend by the amendment to the declaration permitted by the court to be made on the first day of trial. As a matter of fact, it does not appear that defendants were given an opportunity to formally deny the added allegation.

This Court has frequently considered the proper role of pleadings in today's practice, particularly in the light of present pretrial conference procedures. In *Manley, Bennett & Co.* v. *Woodhams,* 349 Mich 586, the Court said, at p 592:

"The essential requirement of pleading came to be recognized as nothing more complicated than giving the other party reasonable notice of the claim or defense. As Sunderland [14 Mich L Rev 551, 553] puts it, 'The purpose of pleading has ceased to be the exemplification of the subtleties of pleader's logic and has become the intelligible disclosure of the real nature of the respective claims of the parties.' "

The essential requirements of pleadings we find in chapter 14, § 2, of the judicature act (CL 1948, § 614.2 [Stat Ann § 27.812]) and in Michigan Court Rules Nos 17 and 19, § 1 (1945). In *Hormel Estate*

v. *Harris,* 348 Mich 201, 205, the plaintiff's obligation was discussed thus:

"Plaintiff must allege and prove its theory of the case, the claimed negligent acts of defendants and the manner in which it claims that the accident occurred. The jury may not return a verdict for plaintiff on some different theory than that advanced by plaintiff. Otherwise the purpose of requiring a plaintiff to plead the facts on which he relies (Court Rule No 17 [1945]) and set forth in his declaration such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend (Court Rule No 19 [1945]) and to support them with competent evidence is completely subverted and litigation reduced to a game of chance. * * * Under those pleadings and proofs it is of no help to plaintiff to urge, and plaintiff does not urge, that defendants could be liable even though the accident had happened where and as they claimed on that theory that they were guilty of some other or different negligence than that alleged and urged in the proofs by plaintiff. Plaintiff must stand or fall on its pleadings, proofs, and theory of the case presented thereby."

We turn now to the propriety of the trial court's grant of leave to amend plaintiff's declaration after the pretrial conference and on the first day of trial.

At the time of trial, Court Rule No 35, § 4 (1945), provided for a pretrial conference "to consider the simplification of the issues, the necessity or desirability of amendments," and other matters. The local rules of the third judicial circuit (Wayne county), No 32(c)(5)* provided for amendment of pleadings at such pretrial conference. Court Rule No 35, § 4 (1945), also provided that the pretrial judge shall file "a statement or summary of the results of the

---

* See Honigman, Michigan Court Rules Annotated, 1959 Pocket Part, p 300.—REPORTER.

conference, which statement shall control the subsequent course of the action or proceedings unless modified at or before the trial to prevent manifest injustice." In the case at bar, the pretrial statement was not so modified, but the amended declaration was. The distinction is unimportant in view of the fact that all parties considered the subsequent proceedings to be controlled by the pleadings as last amended. The question presented is whether or not the amendment should have been permitted by the trial court.

In *Konstantine* v. *City of Dearborn*, 280 Mich 310, the trial court's denial of a motion to amend an answer, which motion was made 3 days before trial, was upheld, the Court saying (p 314):

"By statutory provision trial courts have the power to amend for the furtherance of justice. CL 1929, § 14144.* In a very large measure this matter of amending pleadings is one of discretion with the trial court. *Kerr* v. *City of Detroit*, 255 Mich 446; *Grant* v. *National Manufacturer & Plating Co.*, 258 Mich 453. The ruling of the trial court in such matters should not be disturbed except upon a showing of an abuse of discretion. The record in the instant case does not disclose an abuse of discretion. *People, for use of National Regulator Co.*, v. *Rosewarne*, 247 Mich 22, *Morocco* v. *Lange*, 266 Mich 238. Obviously the local practice followed in Wayne county, whereby provision is made for pretrial hearings, gives a fair and reasonable opportunity for counsel to check their pleadings in advance of the day of trial. By so doing the inconvenience, delay, and expense usually attendant upon amendments of pleadings after a case has been set for trial, with the parties, witnesses, and possibly jurors in attendance, is avoided. In the instant case no showing was made which constituted a fair reason for granting defendant's

---

* Currently CL 1948, § 616.1 (Stat Ann § 27.838).—Reporter.

application for amendment at any time prior to the hearing on the merits."

*Simonelli* v. *Cassidy*, 336 Mich 635, was a suit against a doctor for malpractice. It was dismissed on motion for failure to state a cause of action after plaintiff's motion for leave to amend the pleadings had been denied. This Court affirmed. A pretrial conference had been held in the case, and the Court, quoting rule 1(c)(5) of part 2 of the then current Wayne county local court rules* pertaining to amendment of pleadings at the pretrial conference, said, at p 640:

"The purpose of that portion of the rule quoted is to expedite the trial of cases by disposing of all amendments to the pleadings on a pretrial hearing and before the cause is assigned to a judge for final hearing. While the right to amend for good and sufficient reason, in the discretion of the trial court, exists after the pretrial hearing, nevertheless in the orderly administration of justice, such amendments should be permitted only under the most compelling circumstances. The present case had been on the pretrial docket for a long period and during that time plaintiff made no effort to amend his declaration. In addition, the case itself had then been pending for several years and the alleged cause of action had existed for almost 7 years. Plaintiff had had more than ample time in which to plead his cause of action and prepare for trial."

It may be noted that this plaintiff's counsel at no time offered any reason why the belated amendment was not sooner sought to be made or why the pretrial statement was not sought to be amended immediately upon its receipt from the pretrial judge when its inadequacy of statement of plaintiff's theory of the case must have been then apparent to plaintiff.

---

* The subject matter is now in local rule No 32, *supra.*—REPORTER.

We continue to recognize the validity of the general rule stated in *Grant* v. *National Manufacturer & Plating Co.*, 258 Mich 453, at p 455, to the effect that:

"As a rule, the permission to amend rests wholly within the discretion of the trial court, and unless this discretion is abused, we will not interfere. This is true irrespective of whether the court refuses or permits the amendment."

However, the record before us discloses no reason, let alone a good and sufficient reason or a compelling circumstance, upon which the court properly could exercise any discretion in granting leave to amend over defendants' objections. Granting leave to amend, on this record, was an abuse of discretion. That defendants would be adversely affected by the late amendment was apparently recognized by the trial judge for, in explanation of his decision, he said:

"I feel that the court should, of course, make some statement and reason why he considers such a motion should be granted, in that the court has informed counsel for all parties that certainly the defendant will be in a position to show on cross-examination, if he can, and certainly argue to the jury that at this late date he came in faced with this proposition which he claimed he did not know about and was not so informed by the pleadings. The court felt that under the present circumstances that the amendment should be permitted, taking the view that in many trials witnesses do differ in their testimony. If, for example, plaintiff has or any witness has testified in their depositions that the cab was going in a straight line that the other defendant following behind was in a position whereby the cab stopped suddenly. The court realizes the defendant owner and operator of the cab is placed in a somewhat difficult position at this late date, when it is

now contended that the cab suddenly swerved and then stopped in front of the other defendant, but that this is a matter on which a jury will have to take into consideration and determine from the testimony of all the witnesses just what did happen, whether or not the cab swerved or whether it did not swerve. For that reason the court is viewing this as a matter which largely is a question of evidence and testimony that will probably be given by the various witnesses on both sides."

We believe that the variance between the plaintiff's theory originally pleaded and his theory as amended at the trial was more than a question of evidence for the jury's determination. The amendment allowed completely changed the plaintiff's theory of the case without providing the defendants with an opportunity to prepare a defense thereto. Under the circumstances, the verdict and judgment for plaintiff must be set aside and this cause remanded for new trial. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.