SHAPIRO *v.* WENDELL PACKING COMPANY.

1. TRIAL—PRETRIAL STATEMENT—HANDWRITING EXPERTS—WAIVER OF PROOF.

> Pretrial statement limiting number of experts on handwriting to 1 on each side in nonjury action in which the crucial issue was the validity of the guaranty and the validity of the individual defendant's signature as guarantor without any expression of waiver of proof of any kind did not preclude plaintiff, who did not present any handwriting expert, from presenting several lay witnesses who saw the individual sign as guarantor on the lease, and such action on the part of plaintiff may not be said to constitute a repudiation of the pretrial statement or the issue framed therein (Court Rule No 35, § 4 [1945]).

2. SAME—PRETRIAL STATEMENT—EXPERT WITNESSES—WAIVER OF PROOF.

> The restriction on the number of expert witnesses in a pretrial statement does not effect a waiver of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been expressly waived at the pretrial conference and the waiver recorded in the summary of results (Court Rule No 35, § 4 [1945]).

3. EVIDENCE—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS.

> Finding that attorney, who testified as to execution of lease by defendant corporation and by appellant, as guarantor, was not acting for appellant in this matter and was, therefore, not barred as arising out of a privileged communication *held*, clearly supported by the record, notwithstanding evidence that

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 11.
[3] 58 Am Jur, Witnesses §§ 460–467, 482, 520, 521.
[4] 58 Am Jur, Witnesses § 153.
[5] 58 Am Jur, Witnesses §§ 152, 154.
[6] 20 Am Jur, Evidence § 1206.
[7] 20 Am Jur, Evidence § 1248 *et seq.*
[8] 3 Am Jur, Appeal and Error §§ 896, 899–901.

the firm of attorneys of which the witness was a member had represented appellant's brother in certain property matters not connected with this case but in which appellant also had an interest.

4. WITNESSES—TESTIFYING FOR CLIENT.

The canon of professional ethics that a lawyer should avoid testifying in court in behalf of his client except when essential to the ends of justice is an advisory canon and does not render inadmissible that testimony which passes other evidentiary tests, although the practice of an attorney testifying in his client's case is not to be commended (Canons of Professional Ethics No 19).

5. GUARANTY—EVIDENCE—ATTORNEY AS WITNESS.

Admission of testimony of plaintiff's attorney relative to whether or not individual defendant, an officer of defendant corporation, had signed as guarantor of obligation of the corporation under lease *held*, not ground for reversal under record presented (Canons of Professional Ethics Nos 19, 37).

6. APPEAL AND ERROR—WEIGHT OF EVIDENCE—EXPERT AND LAY WITNESSES.

The weight of the testimony of witnesses, expert and lay, is for the trier of the facts and it is not required that preference be accorded an expert over that of lay witnesses, but his testimony must be considered along with all other evidence.

7. SAME—NONJURY CASE—GUARANTY—PREPONDERANCE OF EVIDENCE.

Judgment for plaintiff in nonjury case against individual defendant appellant, as guarantor under lease of defendant corporation, *held*, not against the clear preponderance of the evidence, hence, is not reversed by the Supreme Court.

8. SAME—NONJURY CASE—CRUCIAL TESTIMONY.

The Supreme Court does not reverse a nonjury case simply on a showing that the facts were vigorously contested in the trial court, in the absence of proof that the trial judge has overlooked or ignored crucial testimony.

Appeal from Wayne; Bowles (George E.), J. Submitted October 10, 1961. (Docket No. 49, Calendar No. 48,875.) Decided May 17, 1962.

Assumpsit by Sylvia Shapiro against Wendell Packing Company, a Michigan corporation, and

David Fuller for rent money due on lease. Default taken against corporate defendant, with individual defendant denying signature as guarantor. Judgment for plaintiff. Defendant Fuller appeals. Affirmed.

*Friedman, Meyers & Keys (David L. Denn,* of counsel), for plaintiff.

*George H. Schudlich (Edward P. Echlin,* of counsel), for defendant Fuller.

OTIS M. SMITH, J. This is a general appeal taken by the defendant, David Fuller, from an order denying his motion for new trial. Judgment had previously been entered against him and Wendell Packing Company, jointly and severally. Fuller was president of the company and it was claimed by plaintiff that he signed a lease on or about October 31, 1955, not only as an officer of the company but also personally as guarantor on the instrument. Default of the company was taken; the damages stipulated to at the pretrial hearing amounted to $17,350; and the principal issue before the trial judge was whether or not Fuller signed as guarantor. The circuit judge, sitting as the trier of fact, held that Fuller had signed as claimed and entered judgment accordingly.

In his appeal, the defendant-appellant argues that the trial court was in error in that it allegedly failed to be controlled by the pretrial summary; that it permitted testimony of one of plaintiff's attorneys who had theretofore been defendant's attorney; further, that the court erred in denying defendant's motion for new trial; and that the judgment was against the great weight of evidence.

We now discuss the issues in the order presented. First, appellant argues that the trial court com-

mitted error in holding that the trial was not controlled by the pretrial summary and also that it failed to adopt the issues as set forth in the summary. The pretrial statement contains, among other things, the following section:

*"Experts:* Each side will present 1 expert on handwriting."

It should also be pointed out, the statement set forth that the only question for determination by the trial court was the "validity of the guarantee and the guarantor's signature thereon." There was no expression of waiver of proof of any kind in the pretrial statement.

At the trial, plaintiff-appellee presented several lay witnesses who testified that they were present and saw the defendant, Fuller, sign as guarantor on the lease. Appellee did not present a handwriting expert. The appellant offered the testimony of an expert and also of a corroborating witness to support appellant's position that he did not sign as guarantor. The appellant also testified in his own behalf.

Appellant cites *Grant* v. *National Manufacturer & Plating Co.,* 258 Mich 453, and *Scott* v. *Cleveland,* 360 Mich 322, both having to do, in part, with the authority of the trial court to permit amendments to pleadings. No question of this kind was presented in the trial court, nor is it properly before us here.

A most careful review of the record amply demonstrates that the crucial issue at the trial was the same as posed in the pretrial statement: Did the defendant, Fuller, sign the lease as guarantor? Both parties aimed their proofs primarily at this target. Appellant says, however, that because appellee came to court without a handwriting expert, but with lay witnesses instead, this resulted in a repudiation of

the pretrial statement and the issue framed therein. With this, we cannot agree.

Court Rule No 35, § 4 (1945),* provides, among other things, that in contested civil actions a pretrial conference shall be held to consider limiting the number of expert witnesses. Subsection 12 of section 4 also includes the proviso that "No party shall be deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings unless such issues have been expressly waived at the pretrial conference and such waiver is recorded in the said summary of results." There is no argument by appellant that the testimony of appellee's witnesses was not competent. Neither a waiver of issues nor of proof was recorded in the pretrial statement. That portion of the statement pertaining to "experts" merely limited, as the rule permits, the maximum number of handwriting experts which each side could present. The fact that appellee did not choose to offer an expert witness neither altered the issue nor the effect of the pretrial statement.

Next the appellant argues that the testimony of Donald E. Barris, one of appellee's attorneys in this case, should not have been admitted. Barris represented plaintiff-appellee during negotiations culminating in the lease agreement. The law firm of which he is a member is the firm of record in this case. Appellant claims that because this same firm has represented his brother in certain property matters, not connected with this case but in which he, appellant, had an interest, the testimony of Barris should be barred.

The testimony of Barris tended to show that the appellant had never denied being guarantor in conversations about the lease with Barris, who, admit-

---

* See amendment, 352 Mich xv.—REPORTER.

tedly, was acting for appellee in these discussions. Appellant's attorney says that, because of this somewhat vague antecedent connection, the testimony of Barris was "detrimental to the relationship." He avers that the defendant was lulled into a sense of security "by the attorneys that represented his brother." Appellant's attorney admitted at the trial that neither Barris nor his firm represented appellant in the transaction. The circuit judge found that Donald E. Barris was not acting as attorney for appellant in this matter. The record clearly supports this finding. Therefore, the testimony was not barred as arising out of a privileged communication.

In his brief on appeal, appellant pursues the matter further. He cites Canons 19 and 37, Canons of Professional Ethics, State Bar of Michigan.* Canon 19 reads, in part, as follows:

"Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

Obviously, Canon 19 is advisory. Important as it is, the canon does not render inadmissible that testimony which passes other evidentiary tests. However, we agree with appellant, to this extent, that an attorney testifying in his client's case is a practice not to be commended. *Jacobs* v. *Weissinger,* 211 Mich 47. In the case at bar, however, we do not conclude that the admission of Barris' testimony presents grounds for reversal.

The third assignment of error is that the trial court erred in denying appellant's motion for a new trial. In his argument on this point, the appellant renews his complaint relative to the pretrial statement. He then proceeds to argue the weight of the evidence. The former issue we have already decided; the latter we take up presently.

* See 38 MSBJ 5 (May, 1959), pp 16, 21.—Reporter.

Finally, the appellant contends that the opinion, verdict, and judgment of the trial court are contrary to and "against the great and overwhelming weight of the evidence." Appellant's attorney vigorously asserts the qualifications of his expert witness and the quality of his testimony. The weight of such testimony was for the trier of fact to determine. It is not required that preference be accorded such testimony over that of lay witnesses. It must be considered along with all other evidence.

After careful study of the record, we conclude that the judgment is not against the clear preponderance of the evidence. While there are sharp conflicts in portions of the testimony, there are some areas of agreement. On appeal, ordinarily we do not substitute our judgment on questions of fact. In cases tried to the court, we do not reverse or remand simply on a showing that the facts were vigorously contested below, in the absence of proof that the judge has overlooked or ignored crucial testimony. *Northwest Auto Co.* v. *Mulligan, Lincoln-Mercury, Inc.,* 348 Mich 279; *Barnes* v. *Beck,* 348 Mich 286. See, also, *Schneider* v. *Pomerville,* 348 Mich 49, and *Noyce* v. *Ross,* 360 Mich 668.

Affirmed, with costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

ADAMS, J., took no part in the decision of this case.