SHORTT *v.* CENTRI-SPRAY CORPORATION.

1. APPEAL AND ERROR—NONJURY CASES—QUESTION FOR TRIER OF
    FACTS.
    The Supreme Court does not ordinarily substitute its judgment
    for that of the trier of the facts on a question of fact in a
    nonjury action at law and certainly does not reverse or remand
    simply on a showing that the facts were vigorously contested
    at the trial in the absence of proof that the judge has over-
    looked or ignored crucial testimony.

2. MASTER AND SERVANT—SALES AGENT—COMMISSIONS—PROCURING
    CAUSE.
    A sales agent is entitled to his commission whether or not he has
    personally concluded and completed the sale, it being sufficient
    if his efforts were the procuring cause of the sale.

3. SAME—SALES AGENT—COMMISSIONS—PROCURING CAUSE—FINDING
    OF COURT—CLEAR PREPONDERANCE OF EVIDENCE.
    Finding of trial court in nonjury action of assumpsit for commis-
    sions by plaintiff sales agent that he was entitled to commis-
    sions at rate of 6% on all sales of which he was the procuring
    cause during the year 1959 notwithstanding such sales were not
    received and filled until 1960 during which year plaintiff was
    to receive a salary and expenses *held,* not against the clear
    preponderance of the evidence.

Appeal from Wayne; Bohn (Theodore R.), J.
Submitted November 8, 1962. (Calendar No. 64,
Docket No. 49,719.)   Decided February 7, 1963.

Assumpsit by William Shortt against Centri-
Spray Corporation, a Michigan corporation, for com-

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error §§ 839–845.
[2, 3]  3 Am Jur 2d, Agency § 247 *et seq.*

missions earned as salesman.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

*Franklin D. Dougherty* (*Stanley E. Beattie* and *Thomas C. Mayer,* of counsel), for plaintiff.

*Schmier & Schmier* (*Sidney J. Karbel,* of counsel), for defendant.

Kavanagh, J.  Plaintiff instituted this action in assumpsit in Wayne county circuit court for the recovery of certain alleged commissions from the defendant.  Defendant is engaged principally in the manufacture and sale of automatic spray and washing equipment to the automotive industry.

Plaintiff claimed that under an oral contract with defendant, entered into on July 15, 1951, defendant agreed to pay plaintiff as commission an amount equal to 6% of all sales of defendant's products sold by him, except certain electrical equipment and motors attached to said products.  A monthly drawing account of $650, together with certain expenses in connection with such sales, was to be charged against the commissions.  The declaration further alleged that the employment was continued until April 15, 1960, when plaintiff ceased to work for defendant, at defendant's request, and because defendant refused to pay plaintiff commissions then due, together with his monthly draw which had been increased to $1,000 on January 1, 1960, and refused to furnish plaintiff a statement of commissions earned and then due.

Plaintiff claimed defendant owed him approximately $40,000 in commissions on orders he solicited in the latter part of 1959 and in the period of 1960 up to April 15th.

Defendant's answer alleged that plaintiff was made a sales engineer on March 1, 1952, and his

compensation was based on a percentage of sales fluctuating from zero to 6% depending upon the percentage of markup on the products he sold. Defendant further claimed that plaintiff and his fellow sales engineers were advised on or about October 1, 1959, that commencing on January 1, 1960, they would be engaged on a salary basis of $1,000 per month plus certain expenses plus such bonus as defendant chose to pay them; that plaintiff agreed to the said arrangement, continued his employment on the salary basis as of January 1, 1960, and on April 15, 1960, of his own free will, terminated his employment with defendant.

In answer to plaintiff's computations of the commissions due him, defendant admitted plaintiff earned $13,946 on orders obtained by him up to January 1, 1960, from which defendant claimed deductions of $10,949.22 for withholding taxes and plaintiff's indebtedness to defendant, leaving a balance of $2,194.78 due plaintiff. This amount defendant tendered as full satisfaction of plaintiff's claim.

In the trial proceedings the parties stipulated to certain exhibits containing records of orders solicited by plaintiff from September, 1959, through March 26, 1960. Plaintiff claimed he was entitled to 6% of the total amount of orders revealed in those exhibits, or $625,097.60. Admitting deductions of $14,449.22, plaintiff claimed a net figure of $23,054.53 plus interest at 5%. Plaintiff contended in the alternative that if he was not entitled to 6% commission to the date he ceased to work for defendant, he should be entitled to 6% commission on all orders he quoted up to December 31, 1959, even though they were not received or filled until 1960. On this theory, the total amount of orders came to $466,759.60. From this sum plaintiff claimed, after deductions due defendant, a net figure of $16,254.35, plus interest at 5%.

The trial court, sitting without a jury, summarized its findings in the following language:

"The court finds from the testimony presented that an agreement for 6% commission on all sales written by the plaintiff was entered into with the defendant in 1954 and continued up until December 31, 1959. The plaintiff is therefore entitled to his commissions earned on all sales covered by exhibit 1. The orders received amounted to $327,922.10, and the commission on those sales amounts to $19,675.22.

"The court also finds from the proofs presented that the 6% agreement was terminated December 31, 1959. Thereafter the plaintiff received a salary of $1,000 per month, plus his expenses. He received no bonus on account of his termination of his employment with the defendant corporation.

"The plaintiff worked on orders in 1959 that were not filled until 1960. He claims that he is entitled to compensation for his services even though the orders were not filled by the defendant until 1960. * * *

"The court finds that the plaintiff is also entitled to his alternative claim for compensation for quotations worked upon and submitted in 1959, but not received and filled by the defendant until 1960, as previously set forth in amount of $8,330.25.

"The plaintiff is therefore entitled to receive for his services, on the basis of the proofs presented, the amount of $16,254.35, plus interest, which allows full credit to the defendant for all advances made to the plaintiff."

The first question argued by defendant on appeal is that the trial court's finding that plaintiff is entitled to be compensated on a straight 6% commission basis on all 1959 sales rather than on the fluctuating commission basis is contrary to the preponderance of the evidence. Defendant corporation sets forth numerous other reasons why it believes the trial court committed error, including failure to give

proper weight to the testimony of its witnesses and certain exhibits, and apparently believing plaintiff's witnesses in preference to those of defendant. In support of its position, defendant indicates what it believes to be plaintiff's lack of respect for truth in trying to mislead the court. Defendant points out certain discrepancies in plaintiff's testimony as compared with the other witnesses, and then concludes that the plaintiff has not only failed to sustain his burden of proof but the overwhelming weight of the evidence points to the fact that plaintiff was not entitled to receive commissions in accordance with the findings of the trial judge.

After a careful study of the record, we conclude that the judgment was not against the clear preponderance of the evidence. While there are sharp conflicts in portions of the testimony, there are areas of agreement. On appeal, we do not ordinarily substitute our judgment for that of the trier on questions of fact. We certainly do not reverse or remand simply on a showing that the facts were vigorously contested below in the absence of proof that the judge has overlooked or ignored crucial testimony. On examining this record, we do not reach such a conclusion. This rule has been set forth numerous times by this Court in the last few years. See *Barnes* v. *Beck,* 348 Mich 286; *Schneider* v. *Pomerville,* 348 Mich 49; *Noyce* v. *Ross,* 360 Mich 668; *Shapiro* v. *Wendell Packing Co.,* 366 Mich 289.

Defendant relies upon a number of cases, including *Gee* v. *Olson,* 320 Mich 274; *Fuchs* v. *Standard Thermometer Co.,* 178 Mich 37, and several cases outside the State of Michigan, all of which are distinguishable from the facts in the instant case.

A reading of the record here discloses there is ample evidence to support the finding of the trial judge that plaintiff was entitled to the commissions. The record discloses he had been in the Buick

program since August of 1959; that he had advised Buick with respect to it; and that he had spent days and evenings with Buick getting the information together for this large program. The proposals were submitted to defendant corporation. The work of the plaintiff in this respect had been completed even though the orders had not been placed or filled until 1960.

This Court said in *Reed* v. *Kurdziel*, 352 Mich 287, 294:

"In Michigan, as well as in most jurisdictions, the agent is entitled to recover his commission whether or not he has personally concluded and completed the sale, it being sufficient if his efforts were the procuring cause of the sale. (Citing cases.)"

Examination of the record in the case before us leads us to the conclusion that the trial court properly applied the law by holding the plaintiff was the procuring cause of the sales made in the early part of 1960 based upon quotations made during 1959.

Judgment of the lower court is affirmed. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.