BALL v RENDER

1. APPEAL AND ERROR—PLEADING—AMENDMENT OF PLEADING—DIS-
    CRETION.

    The Court of Appeals will reverse a trial court's decision to allow
    or disallow an amendment to the pleadings only if the trial
    court abused its discretion.

2. APPEAL AND ERROR—PLEADING—AMENDMENT OF PLEADING—NEW
    CAUSE OF ACTION—PREJUDICE.

    The main issue on appeal when determining whether or not a
    trial court abused its discretion in allowing an amendment to a
    complaint is whether the amendment allowed the plaintiff to
    introduce a new cause of action to the prejudice of the defend-
    ant.

3. PLEADING—AMENDMENT OF PLEADING—ADDITIONAL EVIDENCE—
    COURT RULES.

    A plaintiff who wishes to amend his complaint must show to the
    satisfaction of the court that the defendant will not need
    additional evidence to effectively defend himself if the proposed
    amendment is allowed (GCR 1963, 118.3).

4. NEGLIGENCE—SLIP AND FALL—LEGAL TEST—DUTY OF DEFENDANT—
    LOCATION OF FALL.

    The legal test as to a defendant restaurant owner's duty to a
    plaintiff customer who was injured in a slip and fall while
    leaving the restaurant is substantially different depending upon
    where the slip and fall occurred; if outside of the restaurant
    the defendant owed plaintiff the duty not to increase the
    natural hazards from an accumulation of snow, and if inside
    the restaurant, the defendant's duty to the plaintiff was to
    prevent unsafe conditions which the defendant knew about or
    should have known about.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 5 Am Jur 2d, Appeal and Error §§ 730–735.
[2] 4 Am Jur 2d, Appeal and Error § 513.
[3] 5 Am Jur 2d, Appeal and Error § 758.
[4] 57 Am Jur 2d, Negligence § 360.

5. PLEADING—AMENDMENT OF PLEADING—DISCRETION—LEGAL TEST—
BURDEN OF PROOF.

A trial court abused its discretion when it allowed a plaintiff to amend her complaint in regard to the location where the plaintiff was injured at the conclusion of trial and before the final argument, over objection of the defendant, where the effect of the amendment was to change the legal test to be applied to the facts of the case and to materially ease the plaintiff's burden of proof.

Appeal from Oakland, Richard D. Kuhn, J. Submitted April 15, 1975, at Lansing. (Docket No. 19222.) Decided September 10, 1975.

Complaint by Cornelia and James Ball against Harvey Render for damages for injuries suffered in a fall on business property. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Frimet, Goren & Bellamy, P. C.,* for plaintiffs.

*Bell, Hertler & Hopkins, P. C.,* for defendant.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant appeals as of right from a judgment entered on a jury verdict for the plaintiffs for injuries received by Cornelia Ball. Mrs. Ball received her injuries on January 5, 1972, when she slipped and fell while leaving the defendant's restaurant following dinner. The original complaint alleged that the slip occurred on the defendant's sidewalk, which was improperly cov-

ered with snow.[1] At a deposition 7-1/2 months before the trial, Mrs. Ball stated where she received her injuries.

"*Q:* After your husband preceded you out the door, would you tell us, and you went to leave, what happened?

"*A:* To the best of my knowledge, I put my right foot down on the cement.

"*Q:* Outside of the door?

"*A:* Yes. And that is the only step I took.

"*Q:* Was that your first step?

"*A:* Yes.

\*     \*     \*

"*Q:* What happened when you took that step? What happened to you?

"*A:* I bent this leg to take another step and I never took another step."

At trial Mrs. Ball was the first witness. Plaintiffs' counsel began to question Mrs. Ball about the vestibule of the restaurant and defense counsel objected. Thereupon plaintiffs' counsel moved to amend the complaint to allege that the slip occur-

---

[1] The complaint stated in relevant part:

"4. That on or about January 5, 1972, Plaintiff, Cornelia R. Ball, was coming out of Country Kettle, the Defendant herein. The sidewalk was covered with slippery ice which the Defendant failed to remove or treat in such a manner as to make the same safe for business invitees lawfully making use thereof. Then and there, as a direct result of the negligence of the Defendant as herein alleged in construction and maintenance of the sidewalk, Plaintiff, Cornelia R. Ball, was caused to slip on the ice and to sustain the injuries hereinafter alleged.

"5. That the negligence of the Defendant, in addition to that hereinabove alleged, consisted of:

"A. So constructing the sidewalk that there was no drainage therefrom of water so that water accumulated thereon;

"B. Permitting a coating of ice to be and remain on the sidewalk for a lengthy period of time and beyond the time required for removal or treatment thereof;

"C. Failing to remove the coating of ice or to so treat same as to render the sidewalk reasonably safe for use."

red because of a wet or damp entranceway. Taking the motion under advisement, the trial court allowed the plaintiff to introduce testimony concerning the state of the vestibule "as a preliminary to negligence". At the close of proofs the court, following argument of both counsel, allowed an amendment to the complaint "that defendant failed to maintain the entranceway to this restaurant in a safe condition; and that said entranceway became wet, slippery, and icy; and that the slippery entranceway created a further hazard to the plaintiff and to the public".

Defense counsel vigorously objected to the motion to amend. He argued he was not prepared for the change in location of the slip; had he known that the slip had occurred where the plaintiff now alleged that it occurred, he would have sought witnesses that could have testified to the state of the interior of the vestibule. He also argued that the law had been changed in the plaintiffs' favor by this move. He stated that he was not prepared to defend such a changed complaint.

On appeal, this Court will only reverse the trial court's decision to either allow or disallow an amendment to the pleadings if the trial court abused its discretion. *Graham v Thorman,* 354 Mich 629; 93 NW2d 264 (1958), *Fred Gibbs, Inc v Old Colony Insurance Co,* 30 Mich App 352; 186 NW2d 396 (1971). In reviewing whether or not the trial court abused its discretion under GCR 1963, 118.3,[2] the main issue is, did the amendment of the

---

[2] GCR 1963, 118.3 reads in relevant part:
"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

complaint allow the party to introduce a new cause of action to the prejudice of the defendant? *Bishop Electric, Inc v Simpson,* 7 Mich App 391, 399; 151 NW2d 900 (1967) *lv den* 379 Mich 789 (1967).

"Prejudice" is aptly defined in *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 657; 213 NW2d 134 (1973):

" 'Prejudice' refers to matter which would prevent a party from having a fair trial, or matter which he could not properly contest, e.g. when surprised."

Consistently with "prejudice" as defined above, the court in *Scott v Cleveland,* 360 Mich 322; 103 NW2d 631 (1960) found an abuse of discretion on the part of the trial court. The *Scott* court stated, *supra,* at 335:

"We believe that the variance between the plaintiff's theory originally pleaded and his theory as amended at the trial was more than a question of evidence for the jury's determination. The amendment allowed completely changed the plaintiff's theory of the case without providing the defendants with an opportunity to prepare a defense thereto. Under the circumstances, the verdict and judgment for plaintiff must be set aside and this cause remanded for new trial."

Thus, where an amendment completely changes the plaintiff's theory without giving the defendant an opportunity to prepare a defense to the new theory, the trial court must be deemed to have abused its discretion by allowing such amendment.

In this case there is a substantially different legal test as to the defendant's duty to the plaintiff depending upon where the slip and fall occurred. If the slip and fall occurred outside, the duty that the defendant owed the plaintiff was not to in-

crease the natural hazards from the snow. *Bard v Weathervane of Michigan,* 51 Mich App 329; 214 NW2d 709 (1974). On the other hand, if the injury occurred inside, the defendant owed the plaintiff a duty to prevent unsafe conditions which he knew about or should have known about. *Galloway v Sears, Roebuck & Co,* 27 Mich App 348; 183 NW2d 354 (1970). Thus, by moving the site of the injury a few feet, the plaintiff's burden of proof was materially eased.

It is also necessary for the plaintiff to show that the defendant will not need additional evidence to effectively defend himself. The defendant was prepared to show that the condition of the sidewalk was reasonable. He was not prepared to refute testimony concerning the vestibule. This would require the defendant to find witnesses who could testify as to the condition of the vestibule. Defense counsel stated that he was prepared on the original complaint but had not thought to prepare for a case that was not pleaded.

Hence we conclude that the trial judge abused his discretion in allowing the amendment to plaintiffs' pleadings at the conclusion of trial and before final argument.

The foregoing being dispositive, we do not consider defendant's remaining allegations of error.

Reversed and remanded for a new trial. Costs to appellant.